THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BONNIE DANK, | ) |
|     Plaintiff, | ) |
| v. | ) Civ. Action No.: 05-2463 (ESH) |
| | ) (ECF) |
| R. JAMES NICHOLSON. Administrator U.S. Department of Veteran Affairs, | ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER**

Pursuant to Fed. R. Civ. P. 12(b)(3), Defendant R. James Nicholson, Administrator, U.S. Department of Veteran Affairs, in his official capacity, hereby moves this Court for an order dismissing this case for improper venue or, alternatively, for an order transferring this case to the District of Maryland. In support of this Motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities. A proposed order consistent with this motion is attached.

Respectfully Submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


/s/
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney


/s/
KATHLEEN KONOPKA
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-5309


OF COUNSEL:

KENYATTA MCLEOD-POOLE, Esq.
Department of Veteran Affairs

1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BONNIE DANK,         Plaintiff,<br><br>v.<br><br>R. JAMES NICHOLSON. Administrator<br>U.S. Department of Veteran Affairs,<br><br>        Defendant. | Civ. Action No.: 05-2463 (ESH)<br>(ECF) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR TO TRANSFER**

Plaintiff initiated this action on December 23, 2005, alleging that her former employer, the U.S. Department of Veteran Affairs, discriminated against her on the basis of disability and gender, failed to reasonably accommodate her disability, and retaliated against Plaintiff for seeking accommodation in violation of the Rehabilitation Act and Title VII. (Complaint "Compl." at ¶ 1).[1] Plaintiff, however, fails to allege facts which establish that the District of Columbia is the appropriate venue for her suit.

---

[1] Plaintiff also alleges the Americans with Disabilities Act ("ADA") and the Civil Service Reform Act ("CSRA") as statutory bases for her claims. (Compl. at ¶ 1). The ADA is not applicable to federal employees. 42 U.S.C. § 12111(5)(B)(i). Regarding the CSRA, Plaintiff advances no claims other than employment discrimination, and the Supreme Court has made clear that Title VII is the "sole and exclusive remedy for employment discrimination by the federal government." McKenna v. Weinberger, 729 F.2d 783, 798 (D.C. Cir. 1984) (citing Brown v. General Services Administration, 425 U.S. 820 (1976)).

Employment discrimination cases such as Plaintiff's are governed by special venue provisions set forth in 42 U.S.C. § 2000e-5(f)(3). See In re: Horseshoe Entertainment, 337 F.3d 429, 432-433 (5th Cir. 2003) (litigation alleging sex and disability discrimination subject to 42 U.S.C. § 2000e-5(f)(3)). This statute provides that claims may be brought: (1) where the unlawful acts are alleged to have been committed; (2) where the plaintiff would have worked but for the unlawful act; or (3) where employment records related to the proscribed conduct are maintained. 42 U.S.C. § 2000e-5(f)(3). Only if the defendant is not subject to suit in a district satisfying one of these three criteria may the action be brought in the judicial district in which the defendant has its principal office. Id.

Plaintiff admits that at all times relevant to the Complaint, she was employed by the Department of Veterans Affairs Medical Center ("VAMC") in Baltimore, Maryland. (Compl. at ¶ 2). Indeed, during Plaintiff's employment, she was assigned to either the Baltimore facility itself or to one of several satellite locations in the State of Maryland, all administered by the Baltimore VAMC. (Compl. at ¶ 10). Thus, all alleged discriminatory acts taken against the Plaintiff were perpetrated within the District of Maryland. (See Compl. at ¶ 13-45). See Robinson v. Potter, 2005 WL 1151429 at *3 (D.D.C. May 16, 2005) ("venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation.'"). Moreover, all files essential to the prosecution and defense of this litigation are maintained in Maryland. (Declaration of Dorothy Snow at 1).

Plaintiff does not allege that she ever worked or was discriminated against by Defendant in the District of Columbia or that her employment records are located here. Thus, the only

3

judicial district that satisfies the special venue provisions applicable to the instant case is the District of Maryland. The District of Maryland is able to exert jurisdiction over Defendant, and Defendant is amenable to suit there. Therefore, Plaintiff cannot avail herself of the "principal office" provision of 42 U.S.C. § 2000e-5(f)(3).

Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Alternatively, in the interest of justice, the Court may transfer it to the District of Maryland. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to Court's discretion).

## Conclusion

For the foregoing reasons, the Court should dismiss the Complaint in this case for improper venue. Alternatively, to serve the ends of justice, the Court may transfer this matter to the United States District Court for the District of Maryland.

Respectfully Submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

_____/s/_____
KATHLEEN KONOPKA
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-5309