UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BONNIE DANK ) | |
| 5404 Columbia Road ) | |
| No. 928 ) | |
| Columbia, MD 21044 ) | |
|      Plaintiff, ) | |
| v. ) | C. A. No. 05-02463(ESH) |
| R. JAMES NICHOLSON, ) | |
|     Secretary ) | |
| DEPARTMENT OF VETERANS AFFAIRS) | |
| 810 Vermont Avenue, N.W. ) | |
| Washington, D.C. 20420 ) | |
|     Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
TO DISMISS OR TRANSFER VENUE**

Plaintiff, Bonnie S. Dank, brought this action claiming that she was terminated from her

position as a psychiatric nurse as a result of discrimination based upon the Rehabilitation Act of

1973 and Title VII. Rather than answering the complaint, the defendant has moved to transfer

this case to Maryland as the appropriate venue. Defendant relies on two of the three special

venue provisions set forth in 42 U.S.C. § 20002-5(f)(3); see also 29 U.S.C. §794(a)(1) The

defendant asserts that all the alleged discriminatory acts took place within the District of Maryland

and that "all files essential to the prosecution and defense of this litigation are maintained in

Maryland."

Plaintiff concedes that, to the best of her knowledge and belief, all of the alleged

discriminatory acts occurred within the District of Maryland. However, she disputes the location

1

of the "employment records" provision upon which the defendant relies. She asserts that because the employment records relating to this action are located in Washington, D.C[1]., her choice of venue should not be disturbed and the <u>Defendant's Motion To Dismiss or Transfer</u> should be denied. In the alternative, she requests that if this Court determines to grant the defendant's Motion, it transfer venue to the Southern Division of the United States District Court in Maryland at Greenbelt, Maryland.

FACTS

The defendant, the Veterans Administration, maintains an extensive system of records. As required by the Privacy Act, 5 U.S.C. § 552a, it is required to publish its systems of records and publicly disclose where particular types of records are maintained. An Index to the defendant's system of records as well as the routine uses of such records, categories of individuals covered by such records and descriptive categories of the nature of such records as well as the location(s) where they are maintained is available to the public on the Government Printing Office's ("GPO") website. <u>See</u> Exhibit ("Exh.") 1, <u>Index</u> and <u>Excerpt</u> from website, Attachment ("Att.") 1 thereto.

A review of the published <u>Index</u> identifies several categories that are clearly relevant to plaintiff's termination and other alleged discriminatory actions at issue in this case and which clearly fall within the third venue provision set forth in 42 U.S.C. § 2000e-5(f)(f)(3), i.e., "where employment records related to the proscribed conduct are maintained." Thus, the defendant maintains records relating to employees or former employees such as the plaintiff which include those described in the <u>Index</u> as an "Applicant[s] for Employment under Title 38"; "General

---

[1]The plaintiff's files, if closed because of her terminated status, would be in St. Louis, Missouri. However, the plaintiff would not find that venue convenient and has no reason to believe that the defendant would want the case to be transferred there.

Personnel Records"; Employee Medical File"; the "...EEO Complainant .. Files"; the

"Professional Standards Board Action and Proficiency Rating folder"; and "Agency-Initiated

Personnel Records". See, e.g., Exh. 1, Att. 1, pp. 1-2, pp. 4, 9, 17. Such systems of records

contain records which all involve, to one degree or another, plaintiff's employment records. The

defendant's system of records also indicates that the defendant maintains employment records in

various places around the country, and, in some cases, at more than one location. Thus, for

example, "inactive records" in the "General Personnel Records System" (76VA05) are normally

retained in the National Personnel Records Center in St. Louis, Missouri. " Id. at p. 9. "Active

records" are maintained at the following locations "the Department of Veterans Affairs (VA)

Central Office, 810 Vermont Avenue, N.W., Washington, D.C.; VA field facilities; VA Austin

Automation Center, Austin Texas, and the VA Shared Service Center. Id.

The defendant has specified Washington, D.C. as the situs of employment records relating

to proscribed EEO conduct. As the defendant's published notice states:

> System location:
> Litigant, tort claimant and third party recovery files are maintained
> at the *Office of General Counsel (026), VA Central Office,
> Washington, D.C. 20420, and Offices of the District Counsel.
> Addresses for District Counsel offices may be obtained by
> contacting the above-mentioned Office of General Counsel address.
> Equal Employment Opportunity (EEO) complaint files are
> maintained in the Office of General Counsel only.*
> Categories of records in the system:
> Records (or information contained in records) may include: (1) ..... ;
> (2)....; (3)... .(4)...; and (5) *evidentiary and nonevidentiary matter*
> relating to a case or controversy in an administrative or litigation
> proceeding (e.g., *witness statements, agency reports, EEO
> Counselor's reports, recommended findings by the EEO
> Commission, and other supporting material*).

*Id.* at 17. (*Emphases added.*)

3

In fact, in the instant case, correspondence and documentation from the defendant reflects that all employment records relating to the alleged proscribed discriminatory conduct affecting the plaintiff, including the counseling, investigation, and the Report of Investigation were all handled by the Office of Resolution Management's Washington Field Office. See Exh. 1, Att. 2 at p. 1, Cover page of Office of Resolution Management Investigative Report; Att. 2 *supra* at p. 2, August 5, 2004 Letter from Thompson to Dank; and Att. 2 *supra* at pp. 3-5, Notice of Right to File identifying the Regional EEO Officer, Office of Resolution Management Field Office, Washington, D.C.; see also, Exh. 1, Att. 3 at pp. 2-4, Excerpts from ORM Fiscal Year 2003 Annual Report. Accordingly, those employment records are maintained within the venue of this court, the U.S. District Court for the District of Columbia.

## ARGUMENT

The language of the Title VII venue statute provides a choice of venue that is precatory, not mandatory. 42 U.S.C. § 2000e-5(f)(3) states an "action *may* be brought..." in any of three specified geographic districts. (*Emphasis added.*) The choice of venue is the plaintiff's so long as her choice falls within one of the jurisdictions described in the statute. *Schenk v. Pyles*, 1976 U.S. Dist. LEXIS 13128 (D.D.C. 1976); Attachment. The burden of establishing that a case should be transferred is on the movant. *See Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F. 2d 1180, 1188 (7th Cir. 1971), *cert. dismissed*, 403 U.S. 942, 91 S. Ct. 2270, 29 L. Ed. 2d 722 (1971). Moreover, the plaintiff's choice of forum is due substantial deference, and, unless the balance of convenience is strongly in favor of the defendants, should rarely be disturbed. *Gross v. Owen*, 95 U.S. App. D.C. 222, 221 F.2d 94, 95 (D.C. Cir. 1955); *Aiken v. Lustine Chevrolet, Inc.*, 392 F. Supp. 883, 887 (D.D.C. 1975). Finally, in considering a motion to dismiss or transfer

4

venue, a court adopts the plaintiff's factual allegations as true, draws all reasonable inferences for those allegations in the plaintiff's favor, and also resolves any factual conflicts in the plaintiff's favor. *Robinson v. Potter*, 2005 U.S. Dist. LEXIS 9491 (Att. to <u>Defendant's Motion To Dismiss or Transfer</u>); *2215 Fifth Street Assoc. v. U-Haul Int'l, Inc.* , 148 F. Supp. 2d 50, 54 (D.D.C. 2001); *Fitts v. Fed. Nat'l Mortgage Ass'n*, 44 F. Supp. 2d 317, 321 (D.D.C. 1999). On a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), facts must be presented that will defeat plaintiff's assertion of venue. <u>See</u> *2215 Fifth Street supra.*; 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1352 (2d ed. 1990); see, e.g., *Totalplan Corp. of America v. Lure Camera*, Ltd., 613 F. Supp. 451, 459 (D.C.N.Y. 1985).

In the case at hand, the plaintiff concedes that the unlawful employment practices occurred within the State of Maryland. Nonetheless, the District of Columbia is a proper venue for the instant case because the employment records relating to the alleged proscribed discriminatory practices are maintained in the District of Columbia. *Schenk supra.*

The defendant has presented evidence in the form of a Declaration from the Acting Director, VA Maryland Healthcare Systems, asserting that "records pertaining to employees, practices and policies of the VA Maryland Healthcare System are maintained in the State of Maryland." Declaration, <u>Defendant's Motion To Dismiss Or to Transfer</u>. The plaintiff does not dispute the factual assertions in that Declaration. However, those facts are not dispositive of where venue lies.

First, the evidence upon which the defendant relies is deficient on its face. Nowhere does defendant's Declaration assert that the employment records *relevant to the practices at issue in this case* are maintained in the State of Maryland. While the plaintiff concedes that *some* of her

employment records (for example, her initial application for employment) may well be still maintained in the State of Maryland, she asserts that the employment records at issue in this case, the investigatory files, evidentiary matters, and other records related to her complaint are maintained, pursuant to the defendant's own published regulatory provisions, in Washington, D.C. where its agency ORM (or) EEO office, District ORM (or EEO) Office, and District Counsel office are sited.  Her assertion is supported not only by the agency's published system of records, but also by the defendant's administrative record.

In *Schenck supra*, the plaintiff, a probationary airport policeman at Washington National Airport, sued the Administrator of the Federal Aviation Administration, for an allegedly discriminatory discharge pursuant to 42 U.S.C. § 2000e at seq.  The defendant moved for a change in venue.  However, in that case, like this one, the plaintiff's employment records were apparently maintained in more than one district.  *Id.* at 6.  ('The government concedes that "most" of plaintiff's employment records as an airport policeman are maintained in this district'.)  The court denied the government's request for a change of venue because:

> '[A]s the language of "may be brought" indicates, the choice of venue is the plaintiff's so long as his choice falls within one of the three locations mentioned above.'

*Id.*

The court also rejected the government's argument that because the alleged discriminatory practice occurred in Virginia and most of the witnesses worked and/or resided in Virginia, it was the most convenient forum.  The court stated:

> While it is true that it might be slightly more convenient for the witnesses if the action were prosecuted in Virginia, the court should take notice of the very short distance between the forum chosen by plaintiff and the forum to which the government wishes to transfer the action. ["The courts have recognized that

6

plaintiff's venue privilege is still a factor to be considered, and that the burden is on
the defendant to establish that another forum would be more convenient.  C. Wright,
Law of Federal Courts, 169 (1970).  In the absence of a more convincing show of
inconvenience, the plaintiff's choice of forum should not be overturned.

*Id.*  While the alternative venue in this case is Maryland rather than Virginia, the traveling

distances are not significantly further than they were in *Schenck.*

Finally, if this Court determines that venue in this jurisdiction is not proper, plaintiff

requests that the action be transferred in the "interest of justice" to the Southern Division

(Greenbelt) of the United States District Court for the District of Maryland.  *Robinson supra* citing

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67, 8 L. Ed. 2d 39, 82 S. Ct. 913 (1962); *James v.*

*Booz-Allen*, 227 F. Supp. 2d 16, 2002 WL 31119865, at 3 (D.D.C. 2002)).  ('Generally, the

"interest of justice" requires courts to transfer cases to the appropriate judicial district, rather than

dismiss them.')

## CONCLUSION

For all the reasons noted above, the plaintiff requests that the defendant's Motion be denied

and that this Court retain jurisdiction of the instant case.  In the alternative, she requests that this

case be transferred to the Southern Division (Greenbelt) of the United States District Court for the

District of Maryland.

Respectfully submitted,

Beth S. Slavet, D. C. Bar No. 305805
Jonathan Axelrod, D.C. Bar No. 210245
Anh-Viet Ly, D.C. Bar No. 485142
Beins, Axelrod, Gleason & Gibson, P.C.
1625 Massachusetts Ave., NW

Suite 500
Washington, DC 20036
(Ph)(202) 328-7222
Fax (202) 328-7030

Counsel for Plaintiff Bonnie Dank

March 17, 2006