Page 1

1976 U.S. Dist. LEXIS 13128, \*; 17 Fair Empl. Prac. Cas. (BNA) 1469;
13 Empl. Prac. Dec. (CCH) P11,312

1 of 1 DOCUMENT

**Donald L. Schenck, Plaintiff v. Raymond S. Pyles et al., Defendants.**

**Civil Action No. 76-965.**

**United States District Court for the District of Columbia.**

*1976 U.S. Dist. LEXIS 13128; 17 Fair Empl. Prac. Cas. (BNA) 1469; 13 Empl. Prac. Dec. (CCH) P11,312*

**September 21, 1976.**

**OPINIONBY:** [\*1]

FLANNERY

**OPINION:**

FLANNERY, D.J.: This case comes before the court on the government's motions to dismiss and for change of venue. Plaintiff was employed, on a probationary basis, as an airport policeman at the Washington National Airport when he was involved in an incident during which he removed his pistol from its holster. He was subsequently discharged from his position, allegedly because of that incident. Plaintiff, however, contends that he was discharged because of the racial discrimination of Raymond S. Pyles, Chief of the Police Branch at the airport. Named as defendants were Chief Pyles, Robert E. Hampton, Chairman of the Civil Service Commission, and John L. McLucas, Administrator of the Federal Aviation Administration.

Although plaintiff alleges a number of jurisdictional grounds, the Supreme Court has recently held that Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e*, et seq., supplies the exclusive judicial remedy for claims of discrimination in federal employment. Brown v. General Services Administration, U.S. , *96 S. Ct. 1961 (1976)*. Section 2000e-16(c) of the Act provides that in an action such as plaintiff's "the head of the department, agency, [\*2] or unit, as appropriate, shall be the defendant." The government argues that this language indicates that the only proper defendant is the highest representative of the organization in which the allegedly illegal action occurred, i.e., a defendant at the secretarial level if one exists. The action should be dismissed, according to the government, because only Secretary of Transportation Coleman would be a proper defendant.

It is clear from the cases that Chief Pyles and Chairman Hampton are not proper defendants, as the statute envisions that the defendant be the highest administrative officer in the agency in which the plaintiff was employed. The impropriety of Chief Pyles as a defendant is illustrated by the case of *Williams v. Mumford, 6 F.E.P. Cases 483 (D.D.C. 1973)*, in which the defendants included a director of personnel for the Library of Congress. In Williams, the court held that the Librarian of Congress was the only proper defendant and that the claim against the director of personnel should be dismissed. *Id. at 487*. Likewise, Chief Pyles is not an appropriate defendant, even though his actions in discharging plaintiff may have been the source of the cause of action. [\*3] Dismissal of Chairman Hampton is required by the holding of *Henderson v. Defense Contract Administration Services Region, New York, 370 F. Supp. 180, 183 (S.D.N.Y. 1973)*, where the court observed:

Section 2000e-16(a) makes it clear that the terms "department", "agency", and "unit" are used to describe the employing branch. It follows, then, that the plain terms of the statute indicate that the Civil Service Commission is not an indispensable party.

Accord, *Hunt v. Schlesinger, 389 F. Supp. 725, 729 (W.D. Tenn. 1974)*.

There is nothing, however, in the cases or in the language of the statute itself to support the government's argument that the only proper defendant is an administrator at the secretarial level, if such an administrator exists. The statutory language referring to "the head of the department, agency, or unit, as appropriate," would seem to preclude such a narrow reading. And the court in *Haire v. Calloway, 385 F. Supp. 309, 310 (E.D. Mo. 1974)*, held that the Secretary of the Army, as head of "the employing department, agency, or unit," was the appropriate defendant in a Title VII suit by an Army employee. If the Secretary of the Army could be the appropriate [\*4] defendant in that case rather than his superior the Secretary of Defense, then it does not seem unreasonable for plaintiff to sue the head of the Federal Aviation Administration rather than

1976 U.S. Dist. LEXIS 13128, *; 17 Fair Empl. Prac. Cas. (BNA) 1469;
13 Empl. Prac. Dec. (CCH) P11,312

the Secretary of Transportation. Cases relied upon by the government do not necessarily require that Secretary Coleman be the defendant in this case. In *Jones v. United States, 376 F. Supp. 13, 14 n. 3 (D.D.C. 1974),* the court merely noted in dictum that "the only proper defendant in such a case is the head of an agency," and it seems that FAA Administrator McLucas fits that description. And in *Jones v. Brennan, 401 F. Supp. 622, 627 (N.D. Ga. 1975),* the court held that a plaintiff had improperly named a regional manpower administrator as a defendant along with his superior the Secretary of Labor, but a regional manpower administrator is clearly not the head of a department, agency or unit, as is required by the statute.

Under the circumstances of this case, it is entirely appropriate for plaintiff to go forward against Administrator McLucas of the Federal Aviation Administration.

The government also moves to change venue of the action from the District of Columbia to the Eastern District [*5] of Virginia, where plaintiff was employed as an airport policeman. The government first argues that venue is improper in the District of Columbia under the special venue provisions of the Civil Rights Act. Section 2000e-5(f)(3) provides that an action "may be brought in any one of three locations: (1) where the unlawful employment practice is alleged to have been committed; (2) where the employment records relevant to such practice are maintained or administered; or (3) where the plaintiff would have worked but for the alleged unlawful employment practice. If the respondent is not to be found in any of those three preferred locations, then suit may be brought where the respondent has his principal office." The leading case in this circuit held that "[only] where the putative employer cannot be brought before the court in one of those [three] districts may the action be filed in the judicial district in which he has 'his principal office'." *Stebbins v. State Farm Mutual Automobile Ins. Co., 413 F.2d 1100, 1102-03 (D.C. Cir.)* cert. denied, *396 U.S. 895 (1969).*

The government contends that the holding of Stebbins precludes a finding that venue is proper in the District of Columbia, [*6] the district where the defendant has his "principal office." In Stebbins, however, there was no possible justification for venue in the District of Columbia other than the fact that the defendant had an office here. n1 In this case, plaintiff asserts that venue is proper in the District of Columbia not because defendant has his principal office here, but because employment records relevant to the alleged discriminatory employment practices are maintained here. n2 The government concedes that "most" of plaintiff's employment records as an airport policeman are maintained in this district, so venue is clearly proper under § 2000e-5(f)(3). As the language of "may be brought" indicates, the choice of venue is the plaintiff's so long as his choice falls within one of the three locations mentioned above.

n1 The government fails to indicate that in Stebbins the only question directly before the court was whether the plaintiff might bring his Title VII action in a district proper under the general venue provisions of *28 U.S.C. § 1391*(c). The plaintiff in Stebbins conceded that the District of Columbia did not meet the special venue requirements of § 2000e-5(f)(3).

n2 Plaintiff also argues that the alleged illegal employment practices occurred in the District of Columbia; he is apparently referring to the hint of an allegation in his complaint that his discharge was the result of pervasive discrimination against blacks in the structure of the government.

[*7]

Finally, the government argues, in the alternative, that this action should be transferred, pursuant to *28 U.S.C. § 1404*(a), to the Eastern District of Virginia for the convenience of the parties and the witnesses. Specifically, the government emphasizes that the alleged discriminatory practice occurred in Virginia and most of the witnesses in the case work and/or reside in Virginia. Furthermore, the named defendant will not appear at trial. While it is true that it might be slightly more convenient for the witnesses if the action were prosecuted in Virginia, the court should take notice of the very short distance between the forum chosen by plaintiff and the forum to which the government wishes to transfer the action. "The courts have recognized that plaintiff's venue privilege is still a factor to be considered, and that the burden is on the defendant to establish that another forum would be more convenient. C. Wright, Law of Federal Courts, 169 (1970). In the absence of a more convincing showing of inconvenience, the plaintiff's choice of forum should not be overturned.

An appropriate Order accompanies this Memorandum.

Order

This matter came before the court on [*8] defendants' motions to dismiss and for change of venue. After consideration of the motions, the memoranda submitted in support thereof, opposition thereto, oral argument thereon, and the entire record herein, and for the reasons stated in the accompanying memorandum, it is, by the court, this 21st day of September, 1976:

Ordered that defendants' motion to dismiss the action be, and the same hereby is, denied; and it is further

1976 U.S. Dist. LEXIS 13128, *; 17 Fair Empl. Prac. Cas. (BNA) 1469;
13 Empl. Prac. Dec. (CCH) P11,312

Ordered that defendants' motion to dismiss from the action defendants Raymond S. Pyles and Robert E. Hampton be, and the same hereby is, granted; and it is further

Ordered that defendants' motion for change of venue be, and the same hereby is, denied; and it is further

Ordered that plaintiff shall file interrogatories, submit requests for admissions and conduct other appropriate discovery on or before October 6, 1976; and it is further

Ordered that defendant shall respond to such interrogatories and requests for admissions on or before November 5, 1976; and it is further

Ordered that defendant shall conduct depositions no later than three weeks after responding to the interrogatories; and it is further

Ordered that the parties shall appear before [*9] this court for a status call on November 30, 1976 at 9:30 a.m.