UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BONNIE DANK ) | |
| 5404 Columbia Road ) | |
| No. 928 ) | |
| Columbia, MD 21044 ) | |
| Plaintiff, ) | |
| v. ) | **C. A. No. 05-02463(ESH)** |
| R. JAMES NICHOLSON, ) | |
| Secretary ) | |
| DEPARTMENT OF VETERANS AFFAIRS) | |
| 810 Vermont Avenue, N.W. ) | |
| Washington, D.C. 20420 ) | |
| Defendant. ) | |
| ) | |

## DECLARATION

I, Beth S. Slavet, declare the following:

1. That on or around March 8, 2006, I located the published system of records of the Veterans' Administration ("VA") on the website of the Government Printing Office and thereafter reviewed them.

2. That I have attached hereto, as Attachment 1, a true and correct copy of the Index and Excerpts from that published system of records which appear relevant to the venue issues in the instant action. The relevant pages are numbered as they appear on the website, and also, for ease of consideration here, sequentially.

3. That I also reviewed the VA's investigative file involving the allegations of discrimination brought by the plaintiff against the defendant and have attached hereto, as Attachment 2, the cover page of that investigative file and correspondence relating to that file indicating that the plaintiff's employment records relevant to the alleged proscribed employment practices have been and are maintained at 810 Vermont Avenue, N.W., Washington, D.C. 20421.

4. That I have also inspected the website of the VA and the correspondence file relating to this case. The VA website indicates that the Office of Resolution Management ("ORM"), which is responsible for investigating and resolving EEO complaints for the Mid-Atlantic Operations area, including Maryland, is at 810 Vermont Avenue, N.W., Washington, D.C. 20421. The Washington Field Office for ORM is also at 810 or 811 Vermont Avenue, N.W., Washington,

EXHIBIT    1

D.C. 20421.  See Attachment 3 hereto.  Upon information and belief, and based upon correspondence received and contacting the Office of General Counsel, the District Counsel's Regional Office for its Maryland Healthcare System is either at the same 810 Vermont Street address or at 1722 I Street, N.W., Washington, D.C. 20421 or in Baltimore.  See Attachment 2 at 7-8, hereto.  Upon information and belief, including review of the GPO website and correspondence from the agency's EEO file regarding the plaintiff's claims, these offices contain the employment records relating to the alleged proscribed discriminatory employment practices.

I declare under penalty of perjury that the above statement is true and correct to the best of my knowledge and belief.

03-11-03
Date

Beth S. Slavet

<DOC>

<DOC>
From the Privacy Act Online via GPO Access [wais.access.gpo.gov]

VETERANS AFFAIRS DEPARTMENT

INDEX TO VA SYSTEMS OF RECORDS

    01VA022 Current and Former Accredited Representative, Claim
Agent, and Representative and Claims Agent Applicant and Rejected
Applicant Records-VA
    02VA135 Applicants for Employment under Title 38, USC-VA
    04VA115 Blood Donor Information-VA
    05VA026 Individual Correspondence Records-VA
    06VA026 Claimant Private Relief Legislative Name Files-VA
    07VA138 Department of Medicine and Surgery Engineering Employee
Management Information Records-VA
    08VA05 Employee Medical File System Records (Title 38)-VA
    09VA05 Employee Unfair Labor Practice Charges and Complaints,
Negotiated Agreement Grievances and Arbitrations-VA
    10VA31 Employee Reporting System for Project Administration and
Control (Data Processing Centers)-VA
    11VA51 Investigation Reports of Persons Allegedly Involved in
Irregularities Concerning VA Laws, Regulations, Etc.,-VA
    12VA01 Individual Requests for Information from Appellate
Records-VA
    13VA047 Individuals Submitting Invoices-Vouchers For Payment-VA
    14VA135 Individuals Serving on a Fee Basis or Without
Compensation (Consultants, Attendings, Others) Personnel Records--VA
    16VA026 Litigant, Tort Claimant, EEO Complainant and Third Party
Recovery Files-VA
    17VA26 Loan Guaranty Fee Personnel and Program Participant
Records-VA
    18VA05 Centralized Staffing System-VA
    19VA53 Missing Veterans File-VA
    20VA138 Motor Vehicle Operator Accident Records-VA
    22VA136 Patient and Employee Infectious Disease Records-VA
    23VA163 Non-VA Fee Basis Records-VA
    24VA136 Patient Medical Records-VA
    27VA047 Personnel and Accounting Pay System-VA
    28VA119 Personnel Registration under Controlled Substance Act-VA
    29VA11 Physician, Dentist and Supervisory Nurse Professional
Standards Board Action File-VA
    30VA136 Rejected Applicant for Medical Care Records-VA
    32VA00 Veteran, Employee and Citizen Health Care Facility
Investigation Records-VA
    33VA113 National Prosthetic Patient Database (NPPD)-VA
    34VA12 Veteran, Patient, Employee, and Volunteer Research and
Development Project Records-VA
    36VA00 Veterans and Armed Forces Personnel United States
Government Life Insurance Records-VA
    37VA27 VA Supervised Fiduciary/Beneficiary and General
Investigative Records-VA
    38VA21 Veterans and Beneficiaries Identification Records Location
Subsystem-VA
    39VA047 Veterans and Dependents Inactive Award Account Records-VA
    40VA42 Veterans and Dependents (Living and Deceased) National
Cemetery System, Correspondence and Inquiry File-VA
    41VA41 Veterans and Dependents National Cemetery Gravesite

ATTACHMENT     1

Reservation Records-VA
    42VA41 Veterans and Dependents National Cemetery Interment
Records-VA
    43VA008 Veterans, Dependents of Veterans, and VA Beneficiary
Survey Records- VA
    44VA01 Veterans Appellate Records System-VA
    45VA21 Veterans Assistance Discharge System-VA
    46VA00 Veterans, Beneficiaries and Attorneys United States
Government Insurance Award Records- VA
    48VA40B Veterans (Deceased) Headstone or Marker Records-VA
    53VA00 Veterans Mortgage Life Insurance-VA
    54VA16 Health Administration Center Civilian Health and Medical
Program Records-VA
    55VA26 Loan Guaranty Home, Condominium and Manufactured Home Loan
Applicant Records. Specially Adapted Housing Applicant Records and
Vendee Loan Applicant Records-VA.
    57VA10C2 Voluntary Service Records-VA
    58VA21/22/28 Compensation, Pension, Education, and Rehabilitation
Records-VA
    60VA21 Repatriated American Prisoners of War-VA
    63VA05 Grievance Records-VA
    64VA15 Readjustment Counseling Program (RCS) Vet Center Program-
--VA
    65VA122 Community Placement Program-VA
    66VA53 Inspector General Complaint Center Records-VA
    67VA30 PROS/KEYS User Permissions Data Base-VA
    68VA05 VA Employee Counseling Services Program Records-VA
    69VA131 Ionizing Radiation Registry-VA
    71VA53 Office of Inspector General Management Information System-
VA
    73VA14 Health Professional Scholarship Program-VA
    75VA001B Administrator's Official Correspondence Records-VA
    76VA05 General Personnel Records (Title 38)-VA
    77VA11 Health Care Provider Credentialing and Privileging
Records-VA
    78VA331 Integrated Data Communications Utility Network Management
Data Base-VA
    79VA19 Veterans Health Information Systems and Technology
Architecture (VistA) Records-VA
    81VA01 Representatives' Fee Agreement Records System-VA
    83VA07 VA Police Badge and Training Records System
    84VA111K National Chaplain management Information System (NCMIS)
    85VA047 Chief Financial Officer and Fiscal Officer Designation
and Certification Records System-VA
    86VA058 Workers' Compensation/Occupational Safety and Health
Management Information System-VA
    87VA045 Automated Customer Registration System (ACRS)-VA
    88VA20A6 Accounts Receivable Records-VA
    88VA244 Accounts Receivable Records-VA
    89VA19 Health Eligibility Records-VA
    90VA194 Call Detail Records-VA-
    92VA045 Electronic Document Management System (EDMS)-VA
    93VA131 Gulf War Registery-VA
    95VA00M Center for Minority Veterans Management Information
System-VA
    97VA105 Consolidated Data Information System-VA
    98VA104 Disaster Emergency Medical Personnel System -VA
    100VA10NS10 Patient Representation Program Records-VA
    101VA05 Professional Standards Board Action and Proficiency
Rating folder (Title 38)--VA.

2

```
    102VA05 Agency-Initiated Personnel Actions (Title 38)-VA
    103VA07B Police and Security Records-VA
    105VA131 Agent Orange Registry--VA
    106VA17 Compliance Records, Response, and Resolution of Reports
of Persons Allegedly Involved in Compliance Violations--VA
    107VA008B Program Evaluation Research Data Records--VA.
    108VA119 Spinal Cord Dysfunction-Registry (SCD-R)--VA
    110VA10 Employee Incentive Scholarship Program (EISP)-VA
    111VA95E Center for Acquisition and Material Management Education
Online (CAMEO).
    113VA112 Telephone Care and Service Records-VA
    114VA17 The Revenue Program--Billing and Collections Records-VA
    114VA10 Education Eebt Reduction Program-VA
    116VA09 Alternative Dispute Resolution Tracking System-Va
    120VA047 National Veterans Museum donation Records-VA
    123VA00VE Centers for Veterans Enterprise (CVE) VA VetBiz Vendor
Information Pages-VA
    128VA008A Shipboard Hazard and Defense Integrated Database-VA
    VA Appendix 1-Addresses of Veterans Administration Facilities-VA
```

```
<DOC>
From the Privacy Act Online via GPO Access [wais.access.gpo.gov]

VETERANS AFFAIRS DEPARTMENT

 01VA022

System name: Current and Former Accredited Representative,
     Claims Agent, and Representative and Claims Agent Applicant and
     Rejected Applicant Records--VA.

    System location:
    Records are maintained in the Office of General Counsel (022),
and in the Veterans Benefits Administration (213C), Department of
Veterans Affairs Central Office, Washington, DC 20420. Records will
also be maintained in the Regional Counsel Offices, and the security
offices of the following components of the Veterans Benefits
Administration: Regional Offices, and the Hines, Illinois and
Philadelphia, Pennsylvania automated benefits records centers.
Records also will be maintained in the Computer security office for
the Integrated Data Communications Utility at the Department of
Veterans Affairs Medical Center in Martinsburg, West Virginia.
Address locations are listed in VA Appendix I as set forth in the
Federal Register publication, ``Privacy Act Issuances,'' 1993
Compilation.
    Categories of individuals covered by the system:
    The following categories of individuals will be covered by the
system: (1) Individuals recommended by a recognized organization and
accredited or previously accredited by VA to represent claimants for
benefits; (2) claims agents who have applied for accreditation, are
currently accredited or have been previously accredited by VA to
represent claimants for benefits; (3) individuals whose names have
been submitted to VA by service organizations for accreditation or
who have applied to VA to become claims agents; and (4) attorneys who
have been the subject of correspondence, investigations, or
proceedings relating to their fitness to represent claimants for
benefits before VA.
    Categories of records in the system:
    Records (or information contained in records) in this system may
include: (1) Name and other identifying information; (2) address; (3)
```

3

records should submit a written request or apply in person to the
Assistant General Counsel (022).
   Record access procedures:
      Individual seeking copies of records under this system that
pertain to themselves, or seeking to amend such records, should make
those requests under the Privacy Act. Individuals seeking copies of
records pertaining to others should request them under the Freedom of
Information Act. All such requests should be in writing, over the
original, handwritten signature of the requester, and should be
mailed to: FOIA/PA Officer (026G), Office of General Counsel, 810
Vermont Ave., NW, Washington, DC 20420. access to or wishes to
contest records maintained under his or her name in this system may
write or call or visit the Assistant General Counsel (022).
   Contesting record procedures:
      (See Records Access Procedures above.)
   Record source categories:
      Applications for accreditation of individuals, investigative
malterial, and recommendations and correspondence from service
organizations and third parties.


<DOC>
From the Privacy Act Online via GPO Access [wais.access.gpo.gov]

VETERANS AFFAIRS DEPARTMENT


  02VA135


System name: Applicants for Employment under Title 38, USC-VA.

      System location: VA health care facilities to which the applicant
applied (address locations are listed in VA Appendix at the end of
this document), except that, for physician, dentist, pharmacist,
licensed physical therapist, and occupational therapist applicants,
records may also be retained by the VA Delegated Examining Unit, 1201
Broad Rock Road, Richmond, Virginia 23224-0269. For Canteen
Management Training Program applicants, records will be retained only
at the Veterans Canteen Service (133A1), Department of Veterans
Affairs, 810 Vermont Avenue, NW, Washington, DC 20420. Records
resulting from drug testing may be retained by the VA (e.g., by the
VA Medical Review Official) and/or bya contractor laboratory.
   Categories of individuals covered by the system: Applicants for
appointments under authority of 38 U.S.C. Chapter 73 are covered by
this system. This includes candidates such as physicians, dentists,
podiatrists, optometrists, nurses, nurse anesthetists, physician
assistants, expanded-function dental auxiliaries, pharmacists,
certified respiratory therapy technicians, registered respiratory
therapists, licensed physical therapists, occupational therapists,
and licensed practical or vocational nurses. Applicants for
appointment under 38 U.S.C. Chapter 75 in the Veterans Canteen
Service are also covered.
   Categories of records in the system: Records maintained in this
system include: (1) Records of persons who have applied for Federal
employment relating to their education and training; licensure,
registration or certification by State licensing boards and/or
national certifying bodies, including any finding of facts, evidence
and any other related documents, relating to a disciplinary action;
prior and/or current clinical privileges; employment history,
appraisals of past performance; medical records; convictions of
offenses against the law; appraisals of potential; honors, awards or
fellowships; military service; veteran preference; birthplace; birth

date; social security number; and home address. (2) Records resulting from the testing of the applicant for use of illegal drugs under Executive Order 12564. Such records may be retained by the VA (e.g., by the VA Medical Review Official) or by a contractor laboratory. This includes records of negative results, confirmed or unconfirmed positive test results, and lists of who have been tested, who failed to report for testing, and related documents.

Authority for maintenance of the system: Executive Order 12564; Urgent Relief for the Homeless Supplemental Appropriations Act of 1987; Pub. L. 100-71, section 503, 101 Stat. 468 (1987); and Title 38, United States Code, Chapter 3, section 210(c)(1); Chapter 73, section 4108 and Chapter 75, section 4202.

Routine uses of records maintained in the system, including categories of users and the purposes of such uses:

Except for Routine Use 8, no other Routine Use for this system of records applies to records included in Item (2) in the Categories of Records in the System section of this notice. Drug test results may not be releasedunder any other routine use.

1. In the event that a system of records maintained by this agency to carry out its function indicates a violation or potential violation of law, whether civil, criminal or regulatory in nature and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, the relevant records in the system of records may be referred, as a routine use, to the appropriate agency. whether Federal, State, local or foreign, charged witn the responsibility of investigation or prosecuting such violation or charged with enforcing or implementing the statute, or rule, regulation or order issued pursuant thereto.

2. A record from this system of records may be disclosed as a ``routine use. to a Federal, State, or local agency maintaining civil, criminal or other relevant information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the letting of a contract, or the issuance of a license, grant or other benefit.

3. A record from this system of records may be disclosed to a Federal, local or State agency, in response to its request, in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract, or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

4. To provide statistical and other information in response to other legitimate and reasonable requests as approved by appropriate VA authorities, such as the release of information under the Freedom of Information Act.

5. Disclosure may be made to a congressional office from the record of an individual in response to an inquiry from the congressional office made at the request of that individual.

6. Disclosure may be made to NARA (National Archives and Records Administration) and General Services Administration (GSA) in records management inspections conducted under authority of 44 U.S.C. 2904 and 2906.

7. Records from this system of records may be disclosed to a Federal Agency or to a State or local government licensing board and/or to a Federation of State Medical Boards or a similar nongovernment entity which maintains records concerning individuals' employment histories or concerning the issuance, retention or revocation of licenses, certifications, or registrations necessary to practice an

occupation, profession or specialty, in order for the Agency to obtain information relevant to an Agency decision concerning the hiring, retention or termination of an employee or to inform a Federal Agency or licensing boards or the appropriate nongovernment entities about the health care practices of a terminated, resigned or retired health care employee whose professional health care activity so significantly failed to conform to generally accepted standards of professional medical practice as to raise reasonable concern for the health and safety of patients in the private sector or from another Federal Agency. These records may also be disclosed as part of an ongoing computer matching program to accomplish these purposes.

8. To disclose the results of a drug test of a Title 38 applicant pursuant to an order of a court of competent jurisdiction where required by the United States Government to defend against any challenge against any adverse personnel action.

9. To disclose relevant information to the Department of Justice and United States Attorneys in defense or prosecution of litigation involving the United States, and to Federal agencies upon their request in connection with review of administrative tort claims filed under the Federal Tort Claims Act, 28 U.S.C. 2672.

10. To disclose information to officials of labor organizations recognized under 5 U.S.C. Chapter 71 when relevant and necessary to their duties of exclusive representation concerning personnel policies, practices, and matters affecting working conditions.

11. To disclose information to any source when necessary to obtain information relevant to a conflict-of-interest investigation or determination.

12. To disclose information to the Office of Management and Budget at any stage in the legislative coordination and clearance process in connection with private relief legislation as set forth in OMB Circular No. A-19.

13. To disclose information to another Federal agency, to a court, or a party in litigation before a court or in an administrative proceeding being conducted by a Federal agency, either when the Government is a party to a judicial proceeding or in order to comply with the issuance of a subpoena. Information is also made available pursuant to a court order directing production of personnel records.

14. To disclose information to officials of the Merit Systems Protection Board, including the Office of the Special Counsel, when requested in connection with appeals, special studies of the civil service and other merit systems, review of rules and regulations, investigation of alleged or possible prohibited personnel practices, and such other functions, promulgated in 5 U.S.C. 1205 and 1206, or as may be authorized by law.

15. To disclose information to the Equal Employment Opportunity Commission when requested in connection with investigations of alleged or possible discrimination practices, examination of Federal affirmative employment programs, compliance with the Uniform Guidelines on Employee Selection Procedures, or other functions vested in the Commission by the President's Reorganization Plan No. 1 of 1978.

16. To disclose information to the Federal Labor Relations Authority (including its General Counsel) when requested in connection with investigation and resolution of allegations of unfair labor practices, in connection with the resolution of exceptions to arbitrator awards when a question of material fact is raised and matters before the Federal Service Impasses Panel.

17. To disclose information to a State or local government entity which has the legal authority to make decisions concerning the

6

issuance, retention or revocation of licenses, certifications or registrations required to practice a health care profession, when requested in writing by an investigator or supervisory official of the licensing entity for the purpose of making a decision concerning the issuance, retention or revocation of the license, certification or registration of a named health care professional.

18. Identifying information in this system, including name, address, social security number and other information as is reasonably necessary to identify such individual, may be disclosed to the National Practitioner Data Bank at the time of hiring and/or clinical privileging/reprivileging of health care practitioners, and other times as deemed necessary by VA, in order for VA to obtain information relevant to a Department decision concerning the hiring, privileging/reprivileging, retention or termination of the applicant or employee.

19. Relevant information from this system of records may be disclosed to the National Practitioner Data Bank and/or State Licensing Board in the State(s) in which a practitioner is licensed, in which the VA facility is located, and/or in which an act or omission occurred upon which a medical malpractice claim was based when VA reports information concerning:

(1) Any payment for the benefit of a physician, dentist, or other licensed health care practitioner which was made as the result of a settlement or judgment of a claim of medical malpractice if an appropriate determination is made in accordance with agency policy that payment was related to substandard care, professional incompetence or professional misconduct on the part of the individual;

(2) A final decision which relates to possible incompetence or improper professional conduct that adversely affects the clinical privileges of a physician or dentist for a period longer than 30 days; or,

(3) The acceptance of the surrender of clinical privileges or any restriction of such privileges by a physician or dentist either while under investigation by the health care entity relating to possible incompetence or improper professional conduct, or in return for not conducting such an investigation or proceeding. These records may also be disclosed as part of a computer matching program to accomplish these purposes.

Policies and practices for storing, retrieving, accessing, retaining, and disposing of records in the system:

Storage: Paper documents.

Retrievability:

Records are indexed by name or by name within geographic location preference. Drug testing records are retrieved by name or social security number, or name or social security number by geographic location preference.

Safeguards:

Records are stored in locked file cabinets or locked rooms. Strict control measures are enforced to ensure that access to and disclosure from these records are limited to a ``need-to-know basis.'' In VA Central Office and in the Delegated Examining Unit these records are maintained in staffed rooms during working hours. During nonworking hours, there is limited access to the building with visitor control by security personnel. Drug testing records will be maintained in accordance with the Urgent Relief for the Homeless Supplemental Appropriations Act of 1987, Pub. L. 100-71, section 503, 101 Stat. 468 (1987), as well as any Governmentwide guidance concerning the protection of these records. Employee drug testing records will be maintained and used with the highest regard for

employee privacy. Contractor laboratories are subject to the same restrictions as VA employees.
    Retention and disposal:
    Records are retained in accordance with records retention standards approved by the Archivist of the United States, the National Archives and Records Administration, and published in VA Records Control Schedules. Records arising in connection with employee drug testing under Executive Order 12564 are generally retained for up to 2 years. Records are destroyed by shredding or burning.
    System manager(s) and address:
    Director, Office of Personnel and Labor Relations (05), VA Central Office, 810 Vermont Avenue, NW., Washington DC 20420.
    Notification procedure:
    Individuals wishing to inquire whether this system of records contains records on them should contact the local facility to which they applied or the Physician and Dentist Placement Service. Individuals submitting requests should furnish identifying information as required by VA for their records to be located and identified: (1) Full name, (2) date of birth, (3) social security number, (4) name and location of VA facility or Physician and Dentist Placement Service where application was submitted, (5) date of application, and (6) signature.
    Record access procedures:
    (See Notification Procedures above.)
    Contesting record procedures:
    (See Notification Procedures above.)
    Record source categories:
    Records in this system are obtained from VA officials and from individuals and organizations regarding the individual's qualifications, credentials and suitability for employment, including prior employers, education providers, state licensing boards and/or national certifying bodies, law enforcement entities, and health care providers. Drug testing records may be obtained from the Medical Review Official.


<DOC>
From the Privacy Act Online via GPO Access [wais.access.gpo.gov]

VETERANS AFFAIRS DEPARTMENT

04VA115

System name:

    Blood Donor Information-VA.
    System location:
    Blood Donor records are maintained at each of the Department of Veterans Affairs (VA) health care facilities. Addresses are listed in VA Appendix I of the biennial publication of Privacy Act Issuances.
    Categories of individuals covered by the system:
    Individuals who have donated blood to a Veterans Health Administration (VHA) health care facility, blood bank, government or private agencies to be issued for patient care under routine or emergency conditions.
    Categories of records in the system:
    Blood donor records contain sufficient information (i.e., donor name, social security number, date of donation, type of donation, type of components produced by the donation, mandated tests results, and disposition of the blood or blood component) to provide a



Retention and disposal:
In the Office of the Secretary, records retrieved by last name of members of Congress are retained in the Secretary's Office for one current year then retired to inactive storage in VA and Federal Archives and Records Center for ten years. All other records in this system are retained in VA for five years then retired to the Washington National Records Center where they are retained for 20 years. Thereafter, they are offered to National Archives for accessioning. After five years automated files are maintained indefinitely on a history file in the correspondence tracking system.
System manager(s) and address:
Office of the Secretary, Executive Secretariat (001B), VA Central Office, Washington, DC 20420.
Notification procedure:
An individual who wishes to determine whether a record is being maintained by the Office of the Secretary (001B) under his or her name or other personal identifier or wants to determine the contents of such records should submit a written request or apply in person to Executive Secretariat (001B).
Record access procedures:
An individual who seeks access to or wishes to contest records maintained under his or her name or other personal identifier may write or call or visit the Executive Secretariat.
Contesting record procedures:
(See Records Access Procedures above.)
Record source categories:
Individuals (veterans, nonveterans,) attorneys, employees, members of Congress, local and state officials and various private and public organizations.

<DOC>
From the Privacy Act Online via GPO Access [wais.access.gpo.gov]

76VA05

System name:

General Personnel Records (Title 38)-VA.
System location:
Active records are maintained at the Department of Veterans Affairs (VA) Central Office, 810 Vermont Avenue, NW., Washington, DC 20420; VA field facilities; VA Austin Automation Center, 1615 East Woodward Street, Austin, Texas 78772; VA Shared Service Center, 3401 SW 21st Street, Topeka, Kansas 66604; and offices of contractors or subcontractors who may maintain these records. When VA determines that portions of these records need to be maintained at different locations or that copies of these records need to be maintained at more than one location, e.g., at the Shared Service Center and administrative offices closer to where employees actually work, such records are covered by this system. Inactive records are retired to the National Personnel Records Center, 111 Winnebago Street, St. Louis, Missouri 63118. Records not considered long-term records, but which may be retained in this system or elsewhere during employment, and which are also included in this system, may be retained for a period of time after the employee leaves service. However, such records will be disposed of in accordance with the procedures for retention and disposal outlined below. The phrase ``long-term'' record describes records that are filed on the right side of the Merged Records Personnel Folder (MRPF) (Standard Form 66-C).

9

Note 1: It is not VA's intent to limit this system of records to those records physically within the MRPF. Records may be filed in other folders located in offices other than where the MRPF is located, e.g., working files that supervisors or other agency officials use that are derived from 76VA05 may be kept in a more convenient location.

Categories of individuals covered by the system:
Current and former employees appointed under 38 U.S.C. 7306, 7401(1), 7401(3), and 38 U.S.C. 7405 except those appointed on a fee or without compensation basis, and residents appointed under 38 U.S.C. 7406 whose stipends and fringe benefits are not centrally administered under the provisions of 38 U.S.C. 7406(c). This includes employees such as physicians, dentists, podiatrists, optometrists, nurses, nurse anesthetists, physician assistants, expanded-function dental auxiliaries, certified respiratory therapy technicians, registered respiratory therapists, licensed physical therapists, licensed practical or vocational nurses, occupational therapists, and pharmacists. Current and former employees appointed under 38 U.S.C. Chapter 78 to positions in the Veterans Canteen Service are covered by this system.

Categories of records in the system:
All categories of records may include identifying information, such as names(s), date of birth, home address, mailing address, Social Security number, and telephone number(s). Records in this system are:
    a. Records reflecting work experience, licensure, credentials, educational level achieved, and specialized education or training occurring outside of Federal service.
    b. Records reflecting Federal service and documenting work experience, education, training, and/or awards received while employed. Such records contain information about past and present positions held; grades; salaries; duty station locations; and notices of all personnel actions, such as appointments, transfers, reassignments, details, promotions, demotions, staffing adjustments or reductions-in-force, resignations, separations, suspensions, removals, retirements, and approval of disability retirement applications.
    c. Records relating to an Intergovernmental Personnel Act assignment or Federal-private sector exchange program.
    d. Records regarding Government-sponsored training or participation in employee development programs designed to broaden an employee's work experiences or for the purposes of advancement.
    e. Printouts of information from automated personnel systems, e.g., information from the Personnel and Accounting Pay System-VA (27VA047).
    f. Records reflecting enrollment or declination of enrollment in the Federal Employees' Group Life Insurance Program and Federal Employees' Health Benefits Program as well as forms showing designations of beneficiary.
    g. Elections to participate in the Thrift Savings Plan, Notices that Thrift Savings Plan Contributions cannot be made because a financial hardship withdrawal has been issued and transcripts of Thrift Savings Plan changes approved for use by the Federal Retirement Thrift Investment Board.
    h. Records relating to designations for lump-sum leave benefits.
    i. Records relating to access to classified information and other nondisclosure agreements.
    j. Records related to certification of outside professional



activities prior to enactment of the Veterans Health Care Eligibility
Reform Act of 1996, Pub. L. 104-262, dated October 9, 1996.
   Authority for maintenance of the system:
      38 U.S.C. 501(a), 7304, 7406(c)(1), and 7802.
Purposes(s):
      The personnel records in these files are the official repository
of the records, reports of personnel actions and the documents and
papers associated with these actions. The personnel action reports
and other documents give legal force and effect to personnel
transactions and establish employee rights and benefits under
pertinent laws and regulations governing Federal employment. They
provide the basic source of factual data about a person's Federal
employment while in the service and after his or her separation.
Records in this system have various uses, including screening
qualifications of employees; determining status, eligibility, and
rights and benefits under pertinent laws and regulations governing
Federal employment; computing length of service; and other
information needed to provide personnel services.
   Routine uses of records maintained in the system, including
categories of users and the purposes of such uses:
      1. To disclose information to Government training facilities
(Federal, State, and local) and to non-Government training facilities
(private vendors of training courses or programs, private schools,
etc.) for training purposes.
      2. To disclose information to educational institutions about the
appointment of their recent graduates to VA positions. These
disclosures are made to enhance recruiting relationships between VA
and these institutions.
      3. To provide college and university officials with information
about students who are working at VA to receive academic credit for
the experience.
      4. To disclose to the following agencies information needed to
adjudicate retirement, insurance or health benefits claims:
Department of Labor, Social Security Administration, Department of
Defense, Federal agencies having special civilian employee retirement
programs, and state, county, municipal, or other publicly recognized
charitable or income security administration agencies (e.g., State
unemployment compensation agencies), when necessary to adjudicate a
claim under the retirement, insurance or health benefits programs of
the Office of Personnel Management or an agency cited above.
Information may also be disclosed to agencies to conduct an
analytical study or audit of benefits being paid under such programs.
      5. To disclose to the Office of Federal Employees' Group Life
Insurance information necessary to verify election, declination, or
waiver of regular and/or optional life insurance coverage or
eligibility for payment of a claim for life insurance.
      6. To disclose to health insurance carriers contracting with the
Office of Personnel Management to provide a health benefits plan
under the Federal Health Benefits Program, information necessary to
identify enrollment in a plan, to verify eligibility for payment of a
claim for health benefits, or to carry out the coordination or audit
of benefits provisions of such contracts.
      7. To disclose information to a Federal, State, or local agency
for determination of an individual's entitlement to benefits in
connection with Federal Housing Administration programs.
      8. To disclose relevant information to third parties considering
VA employees for awards or recognition and to publicize information
about such awards or recognition. This may include disclosures to
public and private organizations, including news media, which grant
or publicize employee awards or honors.



9. To disclose information about incentive awards and other awards or honors granted by VA. This may include disclosure to public and private organizations, including news media, which publicize such recognition.

10. To disclose the information listed in 5 U.S.C. 7114(b)(4) to officials of labor organizations recognized under 5 U.S.C. Chapter 71 when relevant and necessary to their duties of exclusive representation concerning personnel policies, practices, and matters affecting working conditions.

11. VA may, on its own initiative, disclose relevant information to a Federal agency (including Offices of the Inspector General), State, or local agency responsible for investigating, prosecuting, enforcing, or implementing a statute, rule, regulation if there is reason to believe that a violation may have occurred. This routine use does not authorize disclosures in response to requests for information for civil or criminal law enforcement activity purposes, nor does it authorize disclosure of information in response to court orders. Such requests must meet the requirements of 5 U.S.C. 552a(b)(7) or (b)(11), as applicable.

12. To disclose pertinent information to any source when necessary to obtain information relevant to a conflict-of-interest investigation or determination.

13. To disclose information to any source from which additional information is requested (to the extent necessary to identify the individual, inform the source of the purposes(s) of the request, and to identify the type of information requested), when necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the conducting of a security or suitability investigation of an individual, the letting of a contract, or the issuance of a license, grant, or other benefit.

14. To disclose to an agency in the executive, legislative, or judicial branch, or the District of Columbia's Government in response to its request, or at the initiation of VA, information in connection with the hiring of an employee, the issuance of a security clearance, the conducting of a security or suitability investigation of an individual, the letting of a contract, the issuance of a license, grant or other benefit by the requesting agency, or the lawful statutory or administrative purpose of the agency to the extent that the information is relevant and necessary to the requesting agency's decision.

15. To disclose relevant information to Federal and non-Federal agencies (i.e., State or local governments), and private sector organizations, boards, bureaus, or commissions (e.g., the Joint Commission on Accreditation of Healthcare Organizations) when such disclosures are required to obtain accreditation or other approval ratings.

16. To disclose information to the Office of Management and Budget at any stage in the legislative coordination and clearance process in connection with private relief legislation as set forth in OMB Circular No. A-19.

17. To provide information to a congressional office from the records of an individual in response to an inquiry from the congressional office made at the request of the individual.

18. VA may, on its own initiative, disclose information to another Federal agency, court, or party in litigation before a court or other administrative proceeding conducted by a Federal agency, if VA is a party to the proceeding and VA needs to disclose such information to protect its interests.

19. To disclose information to the National Archives and Records

12

Administration (NARA) for records management inspections conducted under authority of 44 U.S.C. 2904 and 2906.

20. To disclose to persons engaged in research and survey projects information necessary to locate individuals for personnel research or survey response, and to produce summary descriptive statistics and analytical studies in support of the function for which the records are collected and maintained, or for related workforce studies. While published statistics and studies do not contain individual identifiers, in some instances, the selection of elements of data included in the study may be structured in such a way as to make the data individually identifiable by inference.

21. To provide an official of another Federal agency information needed in the performance of official duties related to reconciling or reconstructing data files in support of the functions for which the records were collected and maintained.

22. When an individual to whom records pertain is mentally incompetent or under other legal disability, information in the individual's records may be disclosed to any person or entity responsible for managing the individual finances to the extent necessary to ensure payment of benefits to which the individual is entitled.

23. To disclose to the Department of Defense specific civil service employment information required under law on individuals identified as members of the Ready Reserve, to ensure continuous mobilization readiness of Ready Reserve units and members, and to identify characteristics of civil service retirees for national mobilization purposes.

24. To disclose information to officials of the Department of Defense, National Oceanic and Atmospheric Administration, U.S. Public Health Service, and the U.S. Coast Guard needed to effect any adjustments in retired or retainer pay required by the dual compensation provisions of 5 U.S.C. 5532.

25. To disclose information to officials of the Merit Systems Protection Board, or the Office of the Special Counsel, when requested in connection with appeals, special studies of the civil service and other merit systems, review of rules and regulations, investigation of alleged or possible prohibited personnel practices, and such other functions, promulgated in 5 U.S.C. 1205 and 1206, or as may be authorized by law.

26. To disclose information to the Equal Employment Opportunity Commission when requested in connection with investigations of alleged or possible discriminatory practices, examination of Federal affirmative employment programs, or for other functions of the Commission as authorized by law or regulation.

27. To disclose to the Federal Labor Relations Authority (including its General Counsel) information related to the establishment of jurisdiction, the investigation and resolution of allegations of unfair labor practices, or information in connection with the resolution of exceptions to arbitration awards when a question of material fact is raised; to disclose information in matters properly before the Federal Services Impasses Panel, and to investigate representation petitions and conduct or supervise representation elections.

28. To disclose to prospective non-Federal employers, the following information about a specifically identified current or former employee: Tenure of employment; civil service status; length of service in VA and the Government; and when separated, the date and nature of action as shown on the Notification of Personnel Action-Standard Form 50 (or authorized exception).

29. Records from this system of records may be disclosed to a

13

Federal, State, or local government agency or licensing board and/or to the Federation of State Medical Boards or a similar non-government entity. These entities maintain records concerning an individual's employment or practice histories or concerning the issuance, retention or revocation of licenses or registration necessary to practice an occupation, profession or specialty. Disclosures may be made for the Agency to obtain information determined relevant to an Agency's decision concerning the hiring, retention, or termination of an employee. Disclosures may also be made to inform licensing boards or the appropriate non-governmental entities about the health care practices of a terminated, resigned, or retired health care employee whose professional health care activity so significantly failed to conform to generally accepted standards of professional practice as to raise reasonable concern for the health and safety of patients.

30. To disclose relevant information to the Department of Justice and United States Attorneys in defense or prosecution of litigation involving the United States and to Federal agencies upon their request in connection with review of administrative tort claims filed under the Federal Tort Claims Act, 28 U.S.C. 2672.

31. To disclose hiring, performance, or other personnel-related information to any facility with which there is, or there is proposed to be, an affiliation, sharing agreement, contract, or similar arrangement, for purposes of establishing, maintaining, or expanding any such relationship.

32. Identifying information in this system, including name, address, Social Security number, and other information as is reasonably necessary to identify such individual, may be disclosed to the National Practitioner Data Bank at the time of hiring and/or clinical privileging/reprivileging of health care practitioners, and other times as deemed necessary by VA, in order for VA to obtain information relevant to a Department decision concerning the hiring, privileging/reprivileging, retention, or termination of the applicant or employee.

33. Relevant information from this system of records may be disclosed to the National Practitioner Data Bank or to a State or local government licensing board which maintains records concerning the issuance, retention, or revocation of licenses, certifications, or registrations necessary to practice an occupation, profession or specialty when under the following circumstances, through peer review process that is undertaken pursuant to VA policy, negligence, professional incompetence, responsibility for improper care, and/or professional misconduct has been assigned to a physician or licensed or certified health care practitioner: (1) On any payment in settlement (or partial settlement of, or in satisfaction of a judgement) in a medical malpractice action or claim; or, (2) on any final decision that adversely affects the clinical privileges of a physician or practitioner for a period of more than 30 days.

34. Relevant information from this system of records concerning the departure of a former VA employee, who is subject to garnishment pursuant to a legal process as defined in 5 U.S.C. 5520a, as well as the name and address of the designated agent for the new employing agency or the name and address of any new private employer, may be disclosed to the garnishing party (garnisher). Information from this system of records may be disclosed in response to legal processes, including interrogatories, served on the agency in connection with garnishment proceedings against current or former VA employees under 5 U.S.C. 5520a.

35. To disclose information to contractors, subcontractors, grantees, or others performing or working on a contract, grant or cooperative agreement for the Federal government, provided disclosure



14

is in the interest of the Government and the information to be
disclosed is relevant and necessary for accomplishing the intended
uses of the information and necessary to perform services under the
contract, grant or cooperative agreement.

36. To disclose to a spouse or dependent child (or court-
appointed guardian thereof) of a VA employee enrolled in the Federal
Employees Health Benefits Program, upon request, whether the employee
has changed from a self-and-family to a self-only health benefits
enrollment.

37. To disclose to the Federal Retirement Thrift Investment Board
information concerning an employee's election to participate in the
Thrift Savings Plan, the employee's ineligibility to make
contributions to the Thrift Savings Plan because a financial hardship
in-service withdrawal has been issued, or information from a
transcript of thrift savings plan changes that has been approved by
the Federal Retirement Thrift Investment Board.

38. Information from this system of records will be disclosed to
the Healthcare Integrity and Protection Data Base as required by
section 1122E of the Social Security Act (as added by Sec. 221(a) of
Pub. L. 104-191) and the associated implementing regulations issued
by the Department of Health and Human Services, 45 CFR Part 61. For
example, VA is required to report adjudicated adverse personnel
actions based on acts or omissions that either affected or could have
affected the delivery of health care services.

39. VA may disclose information from this system of records to a
court, administrative entity, or custodial parent of a child in order
to provide documentation of payroll deductions for child healthcare
insurance carriers in order to enroll employees and their children in
healthcare insurance plans in accordance with Public Law 106-394.

Policies and practices for storing, retrieving, accessing,
retaining and disposing of records in the system:

Storage:

These records may be maintained in file folders, on lists and
forms, on microfilm or microfiche, and in computer processable
storage media.

Retrievability:

These records may be retrieved using various combinations of
name, birth date, Social Security number, or identification number of
the individual on whom they are maintained.

Safeguards:

Access to areas where these records are maintained is restricted
to VA employees, contractors, or subcontractors on a ``need to know''
basis; strict control measures are enforced to ensure that disclosure
to these individuals is also based on this same principle. File areas
are locked after normal duty hours and are protected from outside
access by the Federal Protective Service or other types of alarm
systems.

Access to the VA Austin Automation Center and VA Shared Service
Center are restricted to authorized VA employees and authorized
representatives of vendors. Access to computer rooms within these
facilities is further restricted to especially authorized VA
personnel and vendor personnel.

Access to computerized records is limited through the use of
access codes and entry logs. Additional protection is provided by
electronic locking devices, alarm systems, and guard services.

Electronic data is made available to VA field facilities via VA's
Intranet. Strict control measures are enforced to ensure that
disclosure is limited to the individual on whom the record is being
maintained or on a ``need to know'' basis. Security devices (e.g.
passwords, firewalls) are used to control access by VA users to

15

Internet services, and to shield VA networks and systems from outside the firewall.

Retention and disposal:

The Merged Personnel Records Folder (MPRF) is maintained for the period of the employee's service in VA and is then transferred to the National Personnel Records Center (NPRC) for storage, or, as appropriate, to the next employing Federal agency. Other records are either retained at VA for various lengths of time in accordance with the National Archives and Records Administration records schedules or destroyed when they have served their purpose or the employee leaves VA.

a. VA maintains the MPRF as long as VA employs the individual. Within 90 days after the individual separates from VA's employment, the MPRF is sent to the NPRC for long-term storage. The MPRF of a retired employee or an employee who dies in service is sent to the Records Center within 120 days of the retirement or death.

b. Records in this system must be maintained and disposed of in accordance with General Records Schedule 1, and VA Records Control Schedule 10-1, the Office of Personnel Management Guide to Federal Recordkeeping, and the Memorandum of Understanding concerning this subject between VA, the Office of Personnel Management, and the National Archives and Records Administration.

System manager(s) and address:

Deputy Assistant Secretary for Human Resources Management (05), Department of Veterans Affairs, 810 Vermont Avenue, NW, Washington, DC 20420.

Notification procedure:

Individuals wishing to inquire whether this system of records contains information about them should contact the appropriate office as follows:

a. Federal employees should contact the responsible official (as designated by their agency) regarding records in this system.

b. Former Federal employees should contact the National Personnel Records Center (Civilian), 111 Winnebago Street, St. Louis, Missouri 63118, regarding the records in this system. Individuals must furnish the following information so their records can be located and identified: full name(s), date of birth, Social Security number, last employing agency (including duty station, when applicable), and approximate dates of employment. All requests must be signed.

Record access procedures:

(See Notification Procedure.)

Contesting record procedures:

Current and former VA employees wishing to request amendment of their records should contact the Director, Department of Veterans Affairs Shared Service Center (00), 3401 SW 21st Street, Topeka, Kansas 66604. Individuals must furnish the following information for their records to be located and identified: Full name(s), date of birth, Social Security number, and signature. To facilitate identification of records, former employees must also provide the name of their last Department of Veterans Affairs facility and approximate dates of employment.

Record source categories:

Information in this system of records is provided by the individual employee, examining physicians, educational institutions, VA officials, and other individuals or entities; e.g., job references and supporting statements; testimony of witnesses; and correspondence from organizations or persons, e.g., licensing boards.

<DOC>
From the Privacy Act Online via GPO Access [wais.access.gpo.gov]

VETERANS AFFAIRS DEPARTMENT

16VA026

System name: Litigant, Tort Claimant, EEO Complaint and Third
     Party Recovery Files-VA.

     System location:
     Litigant, tort claimant and third party recovery files are
maintained at the Office of General Counsel (026), VA Central Office,
Washington, D.C. 20420, and Offices of the District Counsels.
Addresses for District Counsel offices may be obtained by contacting
the above-mentioned Office of General Counsel address. Equal
Employment Opportunity (EEO) complaint files are maintained in the
Office of General Counsel only.
     Categories of individuals covered by the system:
     The following categories of individuals are covered by this
system: (1) Litigants; (2) claimants under the Federal Tort Claims
Act, EEO complaints; and (3) veterans involved in third party
recovery cases brought by or against the Government and affecting the
VA.
     Categories of records in the system:
     Records (or information contained in records) may include: (1)
Pleadings; (2) opinions; (3) briefs; (4) decisions; and (5)
evidentiary and nonevidentiary matter relating to a case or
controversy in an administrative or litigation proceeding (e.g.,
witness statements, agency reports, EEO Counselor's reports,
recommending findings by the EEO Commission, and other supporting
material).
     Authority for maintenance of the system:
     Title 38, United States Code, 210(c), 29 CFR 1613.222 (EEO cases
commenced under 42 U.S.C. 2000e-16).
     Routine uses of records maintained in the system, including
categories of users and the purposes of such uses:
     1. The record of an individual who is covered by this system may
be disclosed to a member of Congress or staff person acting for the
member or staff person requesting the record on behalf of and at the
request of that individual.
     2. Any information in this system, except for the name and
address of a veteran, which is relevant to a suspected violation or
reasonably imminent violation of law, whether civil, criminal or
regulatory in nature and whether arising by general or program
statute or by regulation, rule or order issued pursuant thereto, may
be disclosed to a Federal, State, local or foreign agency charged
with the responsibility of investigating or prosecuting such
violation or charged with enforcing or implementing the statute,
rule, regulation or order issued pursuant thereto.
     3. The name and address of a veteran, which is relevant to a
suspected violation or reasonably imminent violation of law, whether
civil, criminal or regulatory in nature and whether arising by
general or program statute or by regulation, rule or order issued
pursuant thereto, may be disclosed to a Federal agency charged with
the responsibility of investigating or prosecuting such violation, or
charged with enforcing or implementing the statute, regulation, rule
or order issued pursuant thereto, in response to its official
request.
     4. The name and address of a veteran, which is relevant to a
suspected violation or reasonably imminent violation of law
concerning public health or safety, whether civil, criminal or

17

regulatory in nature and whether arising by general or program statute or by regulation, rule or order issued pursuant thereto, may be disclosed to any foreign, State or local governmental agency or instrumentality charged under applicable law with the protection of the public health or safety if a qualified representative of such organization, agency of instrumentality has made a written request that such name and address be provided for a purpose authorized by law.

5. Pleadings, opinions, briefs, decisions and evidentiary and nonevidentiary matters may be disclosed to a Federal agency upon its official request to enable that agency to properly prepare a particular case or controversy regarding an administrative claim filed under the Federal Tort Claims Act or a debt collection proceeding under the Federal Medical Care Recovery Act.

6. Pleadings, opinions, briefs, decisions and evidentiary and nonevidentiary matter may be disclosed to a Federal agency to enable the VA to obtain records necessary for the VA to properly prepare a particular case or controversy under the Federal Tort Claims Act or a proceeding under the Federal Medical Care Recovery Act.

7. Pleadings, opinions, briefs, decisions and evidentiary and nonevidentiary matter may be disclosed to a Federal or a State court to enable the VA to file pleadings, comply with rules and procedures of the court, or to respond to a request from the court in any case or controversy.

8. Pleadings, opinions, briefs, decisions and matters of evidentiary and nonevidentiary matter may be disclosed to a Federal, State, local, or foreign agency, insurance carriers, other individuals from whom the VA is seeking reimbursement and other parties litigant or having an interest in administrative, prelitigation, litigation and post-litigation phases of a case or controversy, provided, that the name and address of a veteran can only be disclosed under this routine use if the release is for a VA debt collection proceeding, or if the name and address has been provided to the VA by the party seeking the information.

9. EEO complaint records, including the identities of the complainant and the witnesses, the complaints, investigation reports, General Counsel decisions, recommended findings by the EEOC, agency (VA) comments and other supporting material, may be disclosed to representatives of the complainant, and to Department of Justice and to other Federal agencies in order to inform them of the matters in the complaint and to apprise the parties if the identities of the complainant and witnesses.

10. Any information in this system may be disclosed to the Department of Justice (DOJ) including U.S. Attorneys upon its official request in order for the VA to respond to pleadings, interrogatories, orders or inquiries from the Department of Justice, and to supply the DOJ with information, to enable the DOJ to represent the U.S. Government in any phase of litigation or in any case or controversy involving the VA.

11. Any information in this system may be disclosed to a Federal grand jury. A Federal court or a party in litigation, or a Federal agency or party to an administrative proceeding being conducted by a Federal agency, in order for the VA to respond to and comply with the issuance of a Federal subpoena.

12. Any information in this system may be disclosed to a State or municipal grand jury, a State or municipal court or a party in litigation, or to a state or municipal administrative agency functioning in a quasi-judicial capacity or a party to a proceeding being conducted by such agency, in order for the VA to respond to and comply with the issuance of a State or municipal subpoena; provided,



that any disclosure of claimant information made under this routine
use must comply with the provisions of 38 CFR 1.511.

13. Any information in this system may be disclosed in connection
with any proceeding for the collection of an amount owned to the
United States by virtue of a person's participation in any benefit
program administered by the Veterans Administration when in the
judgment of the Administrator, or an official generally delegated
such authority under standard agency delegation of authority rules
(38 CFR 2.6), such disclosure is deemed necessary and proper, in
accordance with 38 U.S.C. 3301(b)(6).

14. The name and address of a veteran, and other information as
is reasonably necessary to identify such veteran, may be disclosed to
a consumer reporting agency for the purpose of locating the veteran,
or, obtaining a consumer report to determine the ability of the
veteran to repay an indebtedness to the United States arising by
virtue of the veteran's participation in a benefits program
administered by the VA, provided that the requirements of 38 U.S.C.
3301 (g)(2) have been met.

15. The name and address of a veteran, other information as is
reasonably necessary to identify such veteran, and any information
concerning the veteran's indebtedness to the United States by virtue
of the person's participation in a benefits program administered by
the VA may be disclosed to a consumer reporting agency for purposes
of assisting in the collection of such indebtedness, provided that
the provision of 38 U.S.C. 3301(g)(4) have been met.

Policies and practices for storing, retrieving, accessing,
retaining, and disposing of records in the system:

Retrievability:

Records are maintained in alphabetical order by last name of an
individual covered by the system.

Safeguards:

Records are maintained in a manned room during working hours.
During nonworking hours, the file area is locked, and the building is
protected by the Federal Protective Service. Access to the records is
only authorized to VA personnel on a ``need to know'' basis.

Retention and disposal:

Upon completion of a case, except for precedent-setting cases
(which are maintained permanently), records are treated as follows:

In Central Office, litigation, tort claimant and third-party
recovery files are maintained in the Office of General Counsel for
two years, retired to the Washington National Federal Records Center
for five years and then destroyed. EEO complainant records are
maintained in the Office of General Counsel until the close of the
complaint, sent to the VACO Records Management Section for four
years, then destroyed.

In District Counsel Offices, civil litigation and third-party
recovery files are maintained in the affected District Counsel Office
for two years, then destroyed. Tort claimant files are maintained in
the affected District Counsel Office for one year, retired to the
appropriate Federal Records Center for five years, then destroyed.
Criminal litigation prosecution files are maintained in the affected
District Counsel Office for three years, then destroyed.

System manager(s) and address:

Assistant General Counsel (026), Professional Staff Group VI,
Office of General Counsel, VA Central Office, Washington, DC 20420.

Notification procedure:

An individual who wishes to determine whether a record is being
maintained by the Assistant General Counsel (026), under his or her
name or other personal identifier or wants to determine the contents
of such records should submit a written request or apply in person to

19

the Assistant General Counsel (026).
    Record access procedures:
    An individual who seeks access to or wishes to contest records maintained under his or her name or other personal identifier may write, call or visit the Assistant General Counsel (026).
    Contesting record procedures:
    (See Record Access Procedures above.)
    Record source categories:
    Courts, claimants, litigants, complainants and their representatives or attorneys, other Federal agencies, insurance carriers, witnesses and other interested participants to the proceedings and VA records.

<DOC>
From the Privacy Act Online via GPO Access [wais.access.gpo.gov]

VETERANS AFFAIRS DEPARTMENT

17VA26

System name: Loan Guaranty Fee Personnel and Program Participant
    Records--VA.

    System location:
    Records on nonsuspended fee personnel and program participants are maintained at VA regional offices, medical and regional office centers, VA offices and VA centers having loan guaranty activities. Records of nonsupervised lenders and subsidiaries of supervised lenders having authority to process VA loans automatically are maintained in VA Central Office. National Control List of suspended program participants and fee personnel are maintained at VA regional offices, medical and regional office centers, VA offices and VA centers having loan guaranty activities. A Master Control list is maintained only at VA Central Office. Address locations are listed in Appendix 1 at the end of this document.
    Categories of individuals covered by the system:
    The following categories of individuals will be covered by this system: (1) Fee personnel who may be paid by the VA or by someone other than the VA (i.e., appraisers, compliance inspectors, management brokers, loan closing and fee attorneys who are not VA employees but are paid for actual case work performed), and (2) program participants (i.e., property management brokers and agents, real estate sales brokers and agents, participating lenders and their employees, title companies whose fees are paid by someone other than the VA, and manufactured home dealers, manufacturers, and manufactured home park or subdivision owners).
    Categories of records in the system:
    Records (or information contained in records) may include: (1) Applications by individuals to become VA-approved fee basis appraisers, compliance inspector, fee attorneys, or management brokers. These applications include information concerning applicant's name, address, business phone numbers, social security numbers or taxpayer identification number, and professional qualifications; (2) applications by non-supervised lenders for approval to close guaranteed loans without the prior approval of VA (automatically); (3) applications by lenders supervised by Federal or State agencies for designation as supervised automatic lenders in order that they may close loans without the prior approval (automatically) of the VA; applications for automatic approval or designation (i.e., (2) and (3)) contain information concerning the





**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
Washington DC 20420

Investigative Report
In the Matter of the EEO Complaint of Discrimination of:

Bonnie Dank       )
5405 Columbia Road # 928   )
Columbia, MD 21044    )
  Complainant     )
           )
  v.        )  ORM Case No.
           )  2004-0512-2004103712
Secretary       )
Department of Veterans Affairs  )
810 Vermont Avenue, NW   )
Washington, DC 20420    )
  Respondent     )
           )
Facility: VA Maryland Healthcare System)
  Baltimore Division    )
  Baltimore, MD     )
           )
Charlotte Barr, EEO Investigator  )
Office of Resolution Management (08D) )
810 Vermont Street, NW    )
Washington, DC 20420    )

## I.  Introduction

Having met all procedural requirements for acceptance with respect to the claim specified herein, this complaint was assigned for investigation on December 9, 2004. A desk investigation for the Complainant, Responding Management Official (RMO), and Human Resource occurred from January 24 - 25, 2005. Written affidavits were sent to the Nurse Professional Standards Board (NPSB) Chairman and the Approving Official on February 2, 2005. This report is submitted for the consideration of the Regional EEO Officer this 18th day of February 2005.

  

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
WASHINGTON, DC 20420

August 5, 2004

*In Reply Refer to:* (08D)

Ms. Bonnie Dank
5405 Columbia Road
Apartment 928
Columbia, MD 21044

Re: Case No. 2004-0512-2004103712

Dear Ms. Dank:

As we discussed, I will serve as your EEO Counselor in the matter you informally raised with this office on July 29, 2004, in regard to alleged discrimination by the U.S. Department of Veterans Affairs, VAMC Baltimore. The allegation is as follows:

> Basis: Disability (MS), Age (10/13/48), Sex (Female), Reprisal (Prior EEO Activity)
> Claim: Termination
> Proposed Resolution: (1) Compensatory damages.

If this information is incorrect, please advise me within five days of receipt of this letter.

I am enclosing two copies of your Notice of Rights and Responsibilities. Please read this document carefully. Please sign both copies, as indicated by the "sign here tabs." Retain one copy for your records and return the **ORM copy** to the following address:

> Office of Resolution Management (08D)
> 810 Vermont Avenue, NW
> Washington, DC 20420
> ATTN: Cheryl R. Thompson

Although we discussed my role as a counselor, I have enclosed a document entitled "Role & Responsibilities of the EEO Counselor." I hope you find it helpful in understanding the EEO process at the informal stage.

7

**Notice of Rights & Responsibilities – Bonnie Dank – 2004-0512-2004103712**

Should you have any questions or require additional information regarding the EEO process, please feel free to call me at 1-888-737-3361.

Sincerely,

Cheryl R. Thompson
EEO Counselor

Enclosures (2)

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 0550 0001 1998 9123

Sent To  *Bonnie Dank*
Street, Apt. No.; or PO Box No.  *5405 Columbia Rd #928*
City, State, ZIP+4  *Columbia MD 21044*

PS Form 3800, June 2002    See Reverse for Instructions

3



**DEPARTMENT OF VETERANS AFFAIRS**
**Office of Resolution Management**
**810 Vermont Avenue, NW**
**Washington, DC  20420**

August 16, 2004

*In Reply Refer to: 08F*

Ms. Bonnie Dank
5405 Columbia Road
Apartment 928
Columbia, MD  21044

**SUBJECT:  NOTICE OF RIGHT TO FILE A DISCRIMINATION COMPLAINT**

1.  This notice informs you that on the above date, the final counseling was held in connection with the matter you presented to the Office of Resolution Management (ORM) on August 5, 2004.

2.  If you are not satisfied with the results of the EEO counseling and believe that you have been subjected to discrimination because of your race, color, religion, sex (sexual harassment or sexual orientation), national origin, age, disability or reprisal for prior EEO activities, you now have the right to file a formal complaint of discrimination. **If you decide to file a formal complaint, you must do so WITHIN FIFTEEN (15) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE.** A complaint shall be deemed timely if it is received or postmarked before the expiration of the 15 calendar day filing period noted above, or in the absence of a legible postmark, if it is received by mail within five days of the expiration of the filing period.  Please note that if a complaint is filed on the basis of sexual orientation, you do not have appeal rights beyond the Department of Veterans Affairs.

3.  Attached is VA Form 4939, Complaint of Employment Discrimination.  If you choose to file a formal complaint at this time, please use this form and carefully read the instructions on the reverse side before completing it.  I am available to assist you in filling out this form and to answer any questions you may have about it.  If you require assistance, please contact me **immediately**.  Please note that the **fifteen (15) calendar days** time frame mentioned above will not be extended due to your desire to seek my assistance in completing this form.

4.  Any complaint you choose to file may be filed in person or by mail with the EEO Officer. You may also file it with the Secretary of Veterans Affairs or with the Deputy Assistant Secretary for Office of Resolution Management (DAS/ORM).  Their addresses are listed below:

3.

Notice of Right to File – Bonnie Dank -2004-0512-2004103712

David M. Betts, Regional EEO Officer
Office of Resolution Management Field Office (08/D)
811 Vermont Avenue, NW
Washington, DC 20420

Secretary of Veterans Affairs
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, D.C. 20420

Office of Resolution Management
Deputy Assistant Secretary (08)
810 Vermont Avenue, NW
Washington, D.C. 20420

5.  If you file a complaint with the Secretary or the DAS/ORM, **you should provide a copy to this ORM Field Office**.  Since the Secretary and the DAS/ORM will send your complaint to this ORM Field Office for initial processing, **failure to provide a copy to this ORM Field Office will only delay the processing of your complaint**.

6.  You must identify each event you are protesting and provide the date on which each event occurred.  Your complaint must be specific and limited to the events you discussed with me.  **Therefore, if there are any events that you have not discussed with me, please do so immediately.**  Regulations require that you provide the Department with an opportunity to resolve each event informally at EEO counseling.

7.  You are entitled to representation at every stage of the complaint process.  You may choose anyone to represent you, unless that person occupies a position within the VA that would create a conflict of interest.  If you do select a representative, you must inform this ORM Field Office of your representative's name and business address.

8.  If you are a member of the bargaining unit, you may have the right to address the events you discussed with me through the union grievance procedure, if the negotiated agreement permits claims of discrimination to be raised.  Regulations provide that you may file a grievance or an EEO complaint about the events in dispute, but not both.  Should you file both, whichever you file first (a union grievance or an EEO complaint) will be considered your election to proceed in that forum.

9.  If you are complaining about a matter which may be appealed to the Merit Systems Protection Board (MSPB), you may file an EEO complaint or an MSPB appeal, but not both.  Whichever you file first (a formal EEO complaint or an MSPB appeal) will be considered your election to proceed in that forum.  If I can be of further assistance to you, please advise.

3.

Notice of Right to File – Bonnie Dank –2004-0512-2004103712

_Cheryl R. Thompson_                              _8/16/04_
Cheryl R. Thompson                                Date
EEO Counselor


_____                  _____
Bonnie Dank                                       Date
Aggrieved



DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF RESOLUTION MANAGEMENT
Washington DC 20420
MAY 0 4 2005

RECEIVED

MAY 0 6 2005

Original File Copy
Beins, Axelrod, Kraft,
Gleason & Gibson, P.C.

In reply refer to: 08D

District Director
Equal Employment Opportunity Commission
Baltimore District Office
Crescent Building
10 South Howard Street, 3rd Floor
Baltimore, Maryland 21201

**Subject:** **Referral of Discrimination Complaint of Bonnie Dank, for
EEOC Hearing – Case No. 2004-0512-2004103712,
filed September 10, 2004**

1. Enclosed is the complete file for the above-referenced EEO complaint. The complainant has requested a hearing. Please appoint an administrative judge to conduct the hearing.

2. The contact person in this matter is Carol A. Thomas, EEO Program Manager, VA Maryland Healthcare System, 10 N. Greene Street, Baltimore, Maryland 21201. She can be reached at (410) 642-2411, ext. 6409. She will coordinate all arrangements for the hearing.

3. The Department of Veterans Affairs Office of Regional Counsel will represent the Agency in this matter. Please direct all future correspondence to the following address:

Mr. Frank Giorno
Office of Regional Counsel
1722 Eye Street, NW, 3rd Floor
Washington, DC 20421
*Telephone: 202-530-9420*
*Facsimile: 202-530-9431*

4. We request that a copy of the Acknowledgement Order be sent to the Office of Resolution Management, Washington Field Office, or faxed to Tom Maddux at (202) 501-2787.

5. Upon completion of the hearing, please instruct the administrative judge to send the complete file, including all copies of the hearing transcript and his or her recommended decision to:

Page 2.

District Director

**Office of Employment Discrimination Complaint Adjudication (00D)**
**Department of Veterans Affairs**
**810 Vermont Avenue, NW**
**Washington, DC  20420**

6.  We also request that the administrative judge provide us with a copy of the
transmittal letter to the Office of Employment Discrimination Complaint Adjudication for
our records.


*Waltrunette M. Gardner*
Waltrunette M. Gardner
Regional EEO Officer

Enclosure

8




# Office of Resolution Management
# Fiscal Year 2003
# Annual Report



*It's About Improving the Environment*

ATTACHMENT

Office of Resolution Management

## VA ORGANIZATIONAL EEO STRUCTURE

The chart below provides an overview of VA's EEO organizational structure.



Department of Veterans Affairs

# FIELD OFFICES

Seven field offices and 17 satellite offices process EEO complaints.

## ORM Field Office Staffing Chart



## Field Office Areas of Jurisdiction

The following area designations were assigned to ORM Field Offices in FY 2003.

***Northeastern Operations*** - Rosa Franco, EEO Regional Officer, **Lyons Field Office** and the Bedford, New York, Pittsburgh, and Lebanon satellite offices.

***Mid-Atlantic Operations*** – David Betts, EEO Regional Officer, **Washington Field Office** and Fayetteville satellite office.

***Southeastern Operations*** – William Low, EEO Regional Officer, **Bay Pines Field Office** and the Lake City satellite office. Southeastern Operations includes Puerto Rico.

***Mid-South Operations*** - Austin Lewis, EEO Officer, **Little Rock Field Office** and the Murfeesboro satellite office.

***Central Plains Operations*** – Paul Crain, EEO Regional Officer, **Houston Field Office** and the Amarillo, Leavenworth, Denver, and St. Louis satellite offices.

***Great Lakes Operations*** – Tywanna Halstead, EEO Regional Officer, **Cleveland Field Office** and the Detroit and Hines satellite offices.

***Western Operations*** – Earl Hatcher, Acting EEO Regional Officer, **Vancouver Field Office** and the Los Angeles, Long Beach, Palo Alto, and Sepulveda satellite offices. Western Operations includes Alaska and Hawaii.

# ORM FIELD OFFICE AND GEOGRAPHIC JURISDICTIONS



## CIVIL RIGHTS

ORM coordinates with the U.S. Department of Justice and the three VA Administrations to ensure compliance with civil rights statutes that ensure equal access to Federally assisted and conducted programs and activities. These civil rights provisions prohibit discrimination based on race, color, national origin, sex, age, or disability in Federally assisted programs and activities.

The External Civil Rights Program includes oversight for preparing, implementing, and coordinating VA's adherence to:

- Title VI of the Civil Rights Act of 1964
- Title IX of the Education Amendments of 1972
- Section 504 of the Rehabilitation Act of 1973
- Executive Order 13160, Non-Discrimination in Federally Conducted Education and Training
- Executive Order 13166, Improving Access to Services for Persons with Limited English Proficiency (LEP)

