THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BONNIE DANK,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No.:  05-2463 (ESH) |
| ) | (ECF) |
| R. JAMES NICHOLSON. Administrator ) | |
| U.S. Department of Veteran Affairs, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS OR TO TRANSFER**

Plaintiff initiated this action on December 23, 2005, alleging that her former employer, the U.S. Department of Veteran Affairs ("VA"), discriminated against her on the basis of disability and gender, failed to reasonably accommodate her disability, and retaliated against Plaintiff for seeking accommodation in violation of the Rehabilitation Act and Title VII.  On March 6, 2006, Defendant filed a motion to dismiss or transfer because venue is not proper in the District of Columbia.  (R.4).[1]  On March 17, 2006, Plaintiff opposed Defendant's motion.  (R.5).

Significantly, Plaintiff "concedes that, to the best of her knowledge and belief, all of the alleged discriminatory acts occurred within the District of Maryland."  (R.5 at 1).  See Robinson v. Potter, 2005 WL 1151429 at *3 (D.D.C. May 16, 2005) ("venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this

---

[1]   An "R." followed by a number describes a document by reference to its placement in the Court's docket.

action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation.'"). Despite her concession, Plaintiff attempts to demonstrate that venue is proper in the District of Columbia by pointing to a website, which indicates that the VA maintains records in multiple locations including Austin, Texas; Topeka, Kansas; Washington, DC; and various "VA field facilities." (R.5 at 3; Attachment "Att." 1 at 9). Plaintiff also relies on the fact that the VA's Office of Resolution Management is located in Washington, DC. (R.5 at 4).

Plaintiff's assertions do not support her claim to venue in this judicial district. First, the fact that the VA maintains records in multiple locations throughout the country, including the District, does not challenge or contradict the fact that, as an employee of the VA Maryland Healthcare System, Plaintiff's employment records, as well as all records pertaining to the policies and practices pertinent to her and relevant to the instant case are maintained in the State of Maryland. (R.4, Snow Declaration at ¶ 2).[2] Thus, Schenck v. Pyles, 1976 U.S. Dist. LEXIS 13128 (D.D.C. 1976), where "the government concede[d] that 'most' of plaintiff's employment records as an airport policeman are maintained in [the District of Columbia]," is inapposite to the instant case, and Plaintiff's reliance on this decision is misplaced.

Moreover, Plaintiff cannot rely on the location of the processing of her administrative complaint to establish venue. See Saran v. Harvey, 2005 WL 1106347 at * 3 (D.D.C. 2005) (processing of plaintiff's complaint in the District of Columbia did not create venue under 42 U.S.C. § 2000e-5(f)(3)); Lee v. England, 2004 WL 764441 at *1 (D.D.C. 2004) (basing venue on

---

[2]   Plaintiff correctly notes that her Official Personnel File ("OPF") is maintained in St. Louis, Missouri. (R.5 at 3).

administrative processing of plaintiff's complaint through the human resources office at the Washington Navy Yard would "sidestep the language of [42 U.S.C. § 2000e-5(f)(3)]"). Indeed, the D.C. Circuit has previously held that sanctioning Plaintiff's position would "undercut the clear Congressional intent to limit venue in federal employment discrimination actions to judicial districts that are concerned with the alleged discrimination." Saran, 2005 WL 1106347 at *3 (citing Stebbins v. State Farm Mutual Automobile Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir.), cert. denied, 396 U.S. 895 (1969).

    Plaintiff admits that at all times relevant to the Complaint, she was employed by the Department of Veterans Affairs Medical Center ("VAMC") in Baltimore, Maryland, (Compl. at ¶ 2), and that, during her employment, she was always assigned to either the Baltimore facility itself or to one of several satellite locations in the State of Maryland, all administered by the Baltimore VAMC. (Compl. at ¶ 10). Thus, as Plaintiff concedes in her opposition, all alleged discriminatory acts taken against the Plaintiff were perpetrated within the District of Maryland. (R.5 at 1; see Compl. at ¶ 13-45). Moreover, Plaintiff has failed to establish that any of her employment records are located within this judicial district, or that D.C. has any connection to the instant case other than the final processing of her administrative complaint. Therefore, it is the District of Maryland that is "concerned with the alleged discrimination" in this case, and Plaintiff's attempt to inappropriately forum shop should not be sanctioned by this Court.

    Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).[3] Alternatively, in the interest of justice, the Court may transfer it

---

[3] Plaintiff incompletely indicates that Defendant has moved "to transfer this case to Maryland as the appropriate venue." (R.5 at 1). Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) is appropriately before this Court, and the Court has the

to the District of Maryland. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to Court's discretion).

## Conclusion

For the foregoing reasons, the Court should dismiss the Complaint in this case for improper venue. Alternatively, to serve the ends of justice, the Court may transfer this matter to the United States District Court for the District of Maryland.

Respectfully Submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


_____/s/_____
RUDOLPH C. CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
KATHLEEN KONOPKA, D.C. BAR #495257
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-5309

---

same discretion to dismiss the instant action as to transfer it. See James v. Booz-Allen & Hamilton, Inc., 227 F.Supp.2d 16, 20 (D.D.C. 2002); Robinson, 2005 WL 1151429 at *2; Novak-Canzeri v. Saud, 864 F.Supp. 203, 207 (D.D.C. 1994).