UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BONNIE DANK | ) | |
| 5404 Columbia Road | ) | |
| No. 928 | ) | |
| Columbia, MD 21044 | ) | |
| Plaintiff, | ) | |
| v. | ) | C. A. No. 05-02463(ESH) |
| R. JAMES NICHOLSON, | ) | |
| Secretary | ) | |
| DEPARTMENT OF VETERANS AFFAIRS | ) | |
| 810 Vermont Avenue, N.W. | ) | |
| Washington, D.C. 20420 | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S SUR-REPLY TO DEFENDANT'S MOTION TO TO DISMISS OR TRANSFER VENUE

The plaintiff, Bonnie S. Dank, brought this action in the District of Columbia claiming

that she was terminated from her position as a psychiatric nurse as a result of discrimination

based upon the Rehabilitation Act of 1973 and Title VII. In response to the defendant's Motion

to Dismiss, plaintiff has specified that Washington, D.C. is the situs of employment records

relating to proscribed discriminatory conduct. In doing so, she has relied on the defendant's own

published notices as well as the locations of such records as established by correspondence

between herself and the agency relating to such conduct. In its Reply, the defendant relied on a

Declaration filed with its Motion and two unpublished cases, *Saran v. Harvey*, 2005 WL

111106347, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005)(attached hereto) and *Lee v. England*,

2004 WL 764441, 2004 U.S. Dist. LEXIS 3680 (D.D.C. 2004)(attached hereto).

The defendant's Declaration is insufficient as a basis to deny venue. Moreover, the cases it cites in its Reply are clearly distinguishable from the instant case.

In *Saran supra*, for the purpose of establishing venue, the plaintiff relied on the location of the processing of her EEO complaints before the Equal Employment Opportunity Commission ("EEOC"). The EEOC site was not only totally separate and apart from the situs where the defendant maintained its employment records, but was also the situs of a totally separate agency from the defendant in that case. Because the EEC's Washington office was clearly not an appropriate venue where the defendant could be found, the court held that having failed to find a district that would be a proper venue under any of the first three prongs of 42 U.S.C. § 20002-5(f)(3), the appropriate venue was the fourth prong of the statutory venue provision, where the Secretary of the Army's principal office was located.

*Lee* is on point as a matter of law, but is factually distinguishable from the instant case. In *Lee*, the affiant for the defendant clearly and specifically attested that all of Mr. Lee's employment records and *all* of the actions relating to the filing of Mr. Lee's EEO complaint "except for certain clerical functions such as docketing " were handled in Bethesda, Maryland. *Id*. at *3.

In contrast, in this case, the Declaration offered by the defendant is too vague and insufficient for the purpose of establishing a change in venue. The Declaration for the defendant states *nothing* regarding the maintenance of the *plaintiff's* employment records. Rather the Declaring states only where the employment records of employees at certain VA Maryland facilities are generally kept.

2

Inasmuch as the location of the plaintiff's employment records relating to the proscribed conduct is totally within the control of the defendant; the knowledge of where such records are maintained is likewise within the possession of the defendant; the defendant has *not* provided a Declaring who has attested that the *plaintiff*'s employment records relating to the proscribed conduct are, in fact, in the State of Maryland; the defendant admits that (because the plaintiff is not an active employee), at least some of her records , i.e. her Official Personnel Folder, is outside of jurisdiction of either the District of Maryland or the District of the District of Columbia; and the defendant has failed to rebut or clarify in its Reply the *specific* location of plaintiff's employment records relating to the proscribed discriminatory conduct although it has had the opportunity to do so, the defendant has failed to present the facts necessary to defeat the plaintiff's choice of venue.

## CONCLUSION

For all the reasons noted above, the plaintiff requests that the defendant's Motion be denied and that this Court retain jurisdiction of the instant case.  In the alternative, she requests that this case be transferred to the Southern Division (Greenest) of the United States District Court for the District of Maryland.

Respectfully submitted,

Beth S. Slavet, D. C. Bar No. 305805
Jonathan Axelrod, D.C. Bar No. 210245
An-Viet Ly, D.C. Bar No. 485142

3

          Beins, Axelrod, Gleason & Gibson, P.C.
          1625 Massachusetts Ave., NW
          Washington, D.C.  20036-20001
          (202)328-7222
          (202)328-7030 (fax)

          Counsel for the Plaintiff

Dated: March 22, 2006

4