2005 U.S. Dist. LEXIS 8908, *

1 of 1 DOCUMENT

**GERALDINE SARAN, Plaintiff, v. FRANCIS J. HARVEY, Secretary of the Army, et al., Defendants.**

**Civil Action No. 04-1847 (JDB)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

***2005 U.S. Dist. LEXIS 8908***

**May 9, 2005, Decided**

**COUNSEL:** [*1] For GERALDINE SARAN, Plaintiff: Pro se, Falls Church, VA.

For LES BROWNLEE, Acting Secretary, Department of The Army, FRED E. ELAM, Major General, USA, Retired, Individually and in his Official Capacity, CHANDLER P. ROBBINS, III, Colonel, USA, Retired, Individually and in his Official Capacity, Defendants: Gary Philip-Matthew Corn, U.S. ATTORNEY'S OFFICE, Washington, DC; Kwasi Hawks, U.S. ARMY JAG CORPS., Arlington, VA.

**JUDGES:** JOHN D. BATES, United States District Judge.

**OPINIONBY:** JOHN D. BATES

**OPINION:**

### MEMORANDUM OPINION & ORDER

Plaintiff Geraldine Saran brings this action against Francis J. Harvey, n1 Secretary of the Army ("the Army"), Major General Fred E. Elam (Ret.) ("Maj. Gen. Elam") and Col. Chandler P. Robbins (Ret.) ("Col. Robbins") n2 pursuant to *Title VII of the Civil Rights Acts of 1964*, as amended, *42 U.S.C. § 2000e-2 et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, *29 U.S.C. § 621 et seq.* ("ADEA"), *42 U.S.C. § 1983*, international law, and the common law. Plaintiff alleges that defendants discriminated against her based on her age and sex, and the national [*2] origin of her spouse, when she worked at a United States military installation in Ankara, Turkey during the period 1988 to 1990. Presently before the Court are defendants' motion to dismiss, in part, and motion for transfer of venue, and plaintiff's motion for leave to amend the Complaint. Because the Court determines that venue is not proper in the District of Columbia for plaintiff's claims, the Court will transfer the case to the Eastern District of Virginia where venue is proper for all claims.

n1 The Honorable Francis J. Harvey was substituted as Secretary of the Army pursuant to *Fed.R.Civ.P. 25(d)(1)*.

n2 Maj. Gen. Elam and Col. Robbins are sued in both their official and individual capacities.

### BACKGROUND

Plaintiff was employed by the United States government in Turkey in 1970 as a part-time substitute school teacher for the U.S. Department of Defense Dependents Schools. See Compl. P 11. Then, in 1976, she was hired as a GS secretary for the Joint [*3] United States Military Mission for Aid to Turkey ("JUSMMAT"). Id. P 12. Her employment term was for five years, with an option for extension. Id. Plaintiff's employment as secretary at JUSMMAT was extended nine years beyond the initial five, ending on August 22, 1990. Id. When plaintiff's employment with JUSMMAT ended, she was also designated, allegedly by Maj. Gen. Elam, as "ordinarily resident" in Turkey, rather than the usual "not ordinary resident." Id. P 13. As a result, she was precluded from seeking other employment in Turkey with either JUSMMAT or the Department of Defense ("DOD"). Id. This severely limited her ability to find other employment in Turkey. Id.

During the last two years of plaintiff's employment at JUSMMAT, she alleges that Maj. Gen. Elam and Col. Robbins discriminated against her on the basis of her sex, her age, and the nationality of her husband. Id. P 14. Plaintiff alleges a series of discriminatory incidents that culminated in defendants declining to extend her employment. During that time plaintiff alleges, inter alia: that Col. Robbins questioned plaintiff's security clearance because she was married to a Turkish man; that [*4] she was investigated for security violations while other male employees were not; that Col. Robbins referred to plaintiff as an "old bag" or "old hag"; and that Col.

Robbins was heard saying "How are you coming along with getting the general a younger secretary." Id. Following these alleged incidents plaintiff filed three complaints with the Equal Employment Opportunity Commission ("EEOC"). Id. P 7. A variety of events delayed the course of the EEOC investigation, but eventually a hearing was held on January 22, 2003. Id.

## ANALYSIS

Defendants argue that there is no venue in the District of Columbia for plaintiff's claims, and therefore this case should be transferred to the Eastern District of Virginia. See Defs.' Mot at 12. She counters that venue is proper in the District of Columbia for all her claims. Plaintiff has filed six counts against defendants: a Bivens action (count I); a *Fifth Amendment* claim (count II); Title VII (count III); ADEA (count IV); violation of international law and treaties (count V); and intentional infliction of emotional distress (count VI). See Compl. PP 15-28. As a general rule, venue must be established for each cause [*5] of action. See *Lamont v. Haig, 192 U.S. App. D.C. 8, 590 F.2d 1124, 1135 (D.C. Cir. 1978)*. For plaintiff's action, there are two relevant venue statutes: venue for plaintiff's Title VII action is governed by *42 U.S.C. § 2000e-5(f)(3)*, while venue for plaintiff's other five counts is determined by the general venue statute, *28 U.S.C. § 1391*.

Turning first to the general venue statute, it is necessary to assess venue for the individual defendants separately from venue for the Army. *Section 1391(b)* sets forth the considerations governing venue against the individual defendants. According to that provision, venue is appropriate in the judicial district where the defendant resides, the district in which a substantial part of the events giving rise to the claim occurred, or in any district where the defendants may be found. In this case, the individual defendants are retired officers in the military, currently residing in Virginia, and the events giving rise to plaintiff's claims occurred in Turkey. See Compl. P 7. As such, there is no basis for venue in the District of Columbia for claims against these individuals, but there is a basis [*6] for venue in the Eastern District of Virginia.

With respect to plaintiff's claims against the Secretary of the Army, *section 1391(e)* establishes venue for agencies of the United States government. Under that provision, venue is appropriate where the defendant resides, a substantial part of the events occurred, or the plaintiff resides. Again, the District of Columbia is not the appropriate venue under any of these situations. The secretary of the Army resides in Arlington, VA. See *Chance v. Dewitt Army Cmty Ctr., 2002 U.S. Dist. LEXIS 10575, 2002 WL 1025029, *1 (D.D.C. Jan. 28, 2002)* (noting that the Secretary of the Army is located at the Pentagon in Virginia for venue purposes); *Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C.*

*1983)* (notwithstanding a District of Columbia mailing address, the National Guard Bureau is located at the Pentagon in Virginia). Furthermore, none of the events giving rise to plaintiff's claims occurred in Washington, DC, and plaintiff does not reside in the District.

Venue for plaintiff's Title VII claim is governed by a specific statutory provision, *42 U.S.C. § 2000e-5(f)(3)*, under which venue is proper in any [*7] of three judicial districts: (1) where the unlawful employment practice is alleged to have been committed; (2)where the employment records relevant to such a practice are maintained and administered; or (3) where the aggrieved person would have worked but for the alleged unlawful employment practice. When defendant cannot be brought to court under any of these three situations, the proper venue is the location of defendant's principal office. Id.

In this case, plaintiff has failed to establish venue in the District of Columbia for her Title VII claim. The Complaint is clear that the place where the unlawful conduct occurred and where plaintiff would have worked but for the alleged discrimination are both Turkey. See Compl. P 7. There is however some dispute as to where plaintiff's employment records are "maintained and administered." Defendants state that the records were maintained and administered in Germany and archived in St. Louis, Missouri. See Pl. Mot., Ex. 1, Declaration of Richard F. Kane ("Kane Decl.") P 5. Thus, argue defendants, the only proper venue would be the principal office of the Army, which is the Pentagon located in the Eastern District of Virginia. [*8] n3 Plaintiff counters that because her employment records were given to the Equal Employment Opportunity Office ("EEOC") in the District of Columbia for purposes of processing her administrative complaint, venue is proper for her Title VII action in the District of Columbia. See Pl. Opp'n, Ex. 1, Geraldine Saran Affidavit ("Saran Aff.") at 2.

n3 Because Title VII claims can only be brought against an employer, and not individual supervisors, the Court only needs to consider venue as to the Secretary of the Army. See *42 U.S.C. § 2000e-16* ("the head of the department, agency, or unit, as appropriate, shall be the defendant").

Plaintiff's argument is unpersuasive. Although she may have filed her EEOC complaint in Washington, her employment records are not considered "maintained and administered" at the EEOC office for purposes of determining proper venue under *42 U.S.C. § 2000e-5(f)(3)*. See *Lee v. England, 2004 U.S. Dist. LEXIS 3680, 2004 WL 764441, *1 (D.D.C. Mar. 9, 2004)* [*9] (noting that administrative processing of plaintiff's complaint in the District of Columbia did not create venue under *42*

2005 U.S. Dist. LEXIS 8908, *

U.S.C. § 2000e-5(f)(3)). Using employment records to process an administrative complaint is not "maintaining and administering" the employment records for purposes of establishing venue under 42 U.S.C. § 2000e-5(f)(3). See Lee, 2004 U.S. Dist. LEXIS 3680, 2004 WL 764441 at *1 (basing venue on administrative processing of plaintiff's complaint through the human resources office at the Washington Navy Yard would "sidestep the language of [42 U.S.C. § 2000e-5(f)(3)], which deals not with administrative processing of the litigation but with the maintenance and administration of employment records relevant to the challenged employment practice"). Indeed, plaintiffs position would undercut the clear Congressional intent to limit venue in federal employment discrimination actions to judicial districts that are concerned with the alleged discrimination. See Stebbins v. State Farm Mutual Automobile Ins. Co., 134 U.S. App. D.C. 193, 413 F.2d 1100, 1102 (D.C. Cir.), cert. denied, 396 U.S. 895, 24 L. Ed. 2d 173, 90 S. Ct. 194 (1969). [*10]

Because venue is not proper in the District of Columbia on the first three prongs of the test under 42 U.S.C. § 2000e-5(f)(3), defendants urge the Court to look to the fourth prong for venue -- the principal office of the Secretary of the Army. However, before the Court can move to the final prong, it must establish that no district would be a proper venue under the first three prongs for plaintiff's Title VII claim. See James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 24 (D.D.C. 2002) (proceeding to the fourth prong under 42 U.S.C. § 2000e-5(f)(3) when "defendant cannot be found in any other districts where venue is appropriate"). Although venue does not lie in the District of Columbia, venue conceivably might be proper in St. Louis, Missouri, where plaintiffs' employment records may be archived. See Kane Decl. P 5. If plaintiffs records are considered "maintained and administered" in St. Louis, then venue would be proper in the Eastern District of Missouri.

There are two reasons that venue nonetheless is not proper in Missouri. First, defendants are not certain that plaintiff's records are kept [*11] in Missouri. See id. Second, even if the records are in Missouri, they are not being "maintained and administered" there. Defendants state that if the records are in Missouri, they are only there to be archived because plaintiff is no longer an employee of DOD. During plaintiffs employment, and at the time of the alleged discriminatory conduct, plaintiff's employment records were maintained and administered in Europe. See id. PP 4-5. Therefore, even if plaintiff's records are now archived in Missouri, they are not being administered and maintained there for purposes of the Title VII venue provision.

Having found no district that would be a proper venue under the first three prongs of § 2000e-5(f)(3), the Court must then consider the location of the principal

office of the Secretary of the Army. Plaintiff contends that the Secretary of the Army, according to the telephone directory, has his office in the District of Columbia. See Saran Aff. at 2. As discussed above, however, the Secretary of the Army's principal office is at the Pentagon in Arlington, Virginia. Therefore, under this final prong of § 2000e-5(f)(3), venue is not in the District of Columbia for plaintiff's [*12] Title VII claim, but instead lies in the Eastern District of Virginia.

Under 28 U.S.C. § 1406(a), in the interests of justice, a court may transfer a case to any judicial district where plaintiff could have originally brought the claim. See Washington v. Gen. Elec. Corp., 686 F. Supp. 361, 364 (D.D.C. 1988). Whether transferring the case is in the interests of justice rests within the discretion of the transferor court. See Hayes v. RCA Serv. Co., 546 F. Supp. 661, 665 (D.D.C. 1982). The only district where venue would be proper for plaintiff's Title VII action is the Eastern District of Virginia, because that is the location of the principal office of the Secretary of the Army. In the interest of justice, plaintiff's Title VII action will be transferred there, rather than dismissed for lack of venue. When venue is improper for a Title VII claim, courts have consistently transferred the entire case, pursuant to 28 U.S.C. § 1406(a), to a judicial district where venue is appropriate for all claims, rather than split a case apart. See Archuleta v. Sullivan, 725 F. Supp. 602, 606 (D.D.C. 1989) [*13] (transferring plaintiffs Title VII, ADEA and Rehabilitation Act claims pursuant to 28 U.S.C. § 1406(a) to a district where venue would be proper for all claims). Here, venue also is improper in this district for plaintiff's other claims, but as with the Title VII claim, venue would be proper in the Eastern District of Virginia because all defendants reside or can be found there. Hence, notwithstanding plaintiff's choice of the District of Columbia as the place to litigate her claims against defendants, neither the events nor the defendants have any connection to this district, and therefore this case shall be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). n4

n4 The Court is not addressing plaintiff's pending motion to amend, which does not affect this Court's venue decision, and defendants' pending motion to dismiss.

Accordingly, it is the 9th day of May, 2005, hereby

ORDERED that defendant's motion to transfer is [*14] GRANTED; and it is further

ORDERED that the entire case shall be TRANSFERRED to the United States District Court for the Eastern District of Virginia.

JOHN D. BATES

2005 U.S. Dist. LEXIS 8908, *

United States District Judge