2004 U.S. Dist. LEXIS 3680, *

LEXSEE 2004 U.S. DIST. LEXIS 3680

KEVIN LEE, Plaintiff, v. GORDON R. ENGLAND, Secretary, Department of the Navy, Defendant.

Civil Action No. 02-2521 (JR)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

2004 U.S. Dist. LEXIS 3680

March 9, 2004, Decided

**DISPOSITION:** The defendant's to dismiss or for a change of venue was granted. Venue transferred.

**COUNSEL:** [*1] For KEVIN LEE, Plaintiff: Lisa Lyons Ward, LEAD ATTORNEY, Ellicott City, MD.

For GORDON R. ENGLAND, Defendant: Wyneva Johnson, U.S. ATTORNEY'S OFFICE FOR D.C., Washington, DC.

**JUDGES:** JAMES ROBERTSON, United States District Judge.

**OPINIONBY:** JAMES ROBERTSON

**OPINION:**

### MEMORANDUM ORDER

Before the Court in this employment discrimination action is the motion of defendant to dismiss or for a change of venue. The factual premise of the motion is simple: plaintiff's employment records are maintained either at the National Naval Medical Center in Bethesda, Maryland or at the Navy Department's Human Resources Service Center in Silverdale, Washington; plaintiff's duty station is Bethesda, Maryland; all of his work assignments are made there; and everything having to do with plaintiff's present EEO complaint, except for clerical functions such as docketing, is handled in Bethesda.

Venue in a Title VII case is governed -- strictly governed -- by *42 U.S.C. § 2000e-5(f)(3)*, which provides that a Title VII action may be brought

> "in any judicial district in which the unlawful employment practice is alleged to have been committed, in the judicial district in which [*2] the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."

The Secretary of the Navy may be sued where he has his principal office, but only if he is not found within any of the other districts covered by the above provisions.

Plaintiff has advanced arguments for laying venue in the District of Columbia that must be characterized as frivolous. His assertion that *42 U.S.C. § 2000e-5(f)(3)* "cannot be read and/or otherwise interpreted to restrict the forum to which a plaintiff has first and proper access," is directly contrary to Circuit precedent. See *Stebbins v. State Farm Mut. Auto Ins. Co., 134 U.S. App. D.C. 193, 413 F.2d 1100, 1102 (D.C. Cir.)*, cert. denied, *396 U.S. 895, 24 L. Ed. 2d 173, 90 S. Ct. 194 (1969)* ("the intent of Congress [was] to limit venue to the judicial districts concerned with the allegation of discrimination").

His assertion that the defendant Secretary of the Navy has his principal place of business in Washington, D.C. (rather than Virginia, where defendant [*3] asserts he is located) is entirely beside the point, in view of the plain language of the statute that permits venue to be laid where the respondent has his principal office only if the respondent is not found within any of the other districts covered by the statute.

Plaintiff's assertion that the "administrative processing" of his case has been through the Human Resources Office at the Washington Navy Yard seeks to sidestep the language of the statute, which deals not with administrative processing of the litigation but with the maintenance and administration of employment records relevant to the challenged employment practice. n1

> n1 Plaintiff states, in his memorandum, that "all records maintained relevant to the processing of plaintiff's EEO complaint of discrimination are maintained in that office, located in the

Washington Navy Yard," but that unsupported assertion cannot stand against the declaration of Richard H. Greenberg, that "except for certain clerical functions, such as docketing, all actions related to the filing and processing of Mr. Lee's present EEO complaint were handled in Bethesda, Maryland."

[*4]

Plaintiff does not even try to assert that the employment practices he challenges would have resulted in his transfer to the District of Columbia.

Dismissal, rather than transfer, would be the appropriate action in this case were it not for the fact that this issue has languished on the docket of this Court for something over six months. Dismissal after such a period of time could unfairly penalize the plaintiff if a re-filed complaint were held to be untimely, and plaintiff is not himself responsible for the fact that the case was filed in the wrong venue or that such weak and unsupported arguments were made on his behalf. It is accordingly

**ORDERED** pursuant to *28 U.S.C. § 1406(a)* that the Clerk transfer this case to the United States District Court for the District of Maryland, where venue properly lies.

JAMES ROBERTSON

United States District Judge

3/9/04