UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BONNIE DANK, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 05-2463 (ESH) |
| R. JAMES NICHOLSON, Secretary, | ) |
| U.S. Department of Veterans Affairs, | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION**

Before the Court is defendant's motion to dismiss or, in the alternative, to transfer the pending action to the United States District Court for the District of Maryland. Plaintiff Bonnie Dank brought this claim against her former employer, the U.S. Department of Veterans Affairs, under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act, 42 U.S.C. §§ 12111, 12203 et seq.; the Civil Service Reform Act of 1978, 5 U.S.C. § 2302 et seq.; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. As is clear from plaintiff's complaint, the defendant's motion, and the plaintiff's response and sur-reply, this action does not properly lie in this Court because it does not satisfy Title VII's specific venue provision set forth in 42 U.S.C. § 2000e-5(f)(3). Therefore, defendant's motion to transfer is granted and the case is transferred to the District Court for the District of Maryland.

**BACKGROUND**

Bonnie Dank was diagnosed with multiple sclerosis in 1982 during her military service with the Department of the Army. After being honorably discharged and receiving several degrees in the field of nursing, Ms. Dank obtained employment as a psychiatric nurse practitioner

...

at the Department of Veteran Affairs Medical Center located in Baltimore, Maryland. She alleges that during her employment with the U.S. Department of Veterans Affairs, her employer intentionally discriminated against her on the basis of her disability and gender, failed to accommodate her disability, and retaliated against her when she exercised her right to seek proper accommodations. (Compl. at ¶ 1.) Specifically, plaintiff asserts that she was placed in difficult working accommodations which significantly aggravated her multiple sclerosis symptoms and her requests for proper accommodations were largely ignored. She further alleges that when her request was finally answered, she was harassed by her supervisors and labeled as having interpersonal problems. (Compl. at ¶ 33.) Eventually, a Nurse Standard Review Board was convened at the behest of her supervisors and she was terminated on July 9, 2004. (Compl. at ¶ 42, 43, 45.) On October 6, 2005, the agency denied plaintiff's formal complaint of discrimination and gave notice of her right to file a civil action in the appropriate United States District Court. (Compl. at ¶ 45.)

## LEGAL ANALYSIS

Title VII includes a specific venue provision whereby claims may be brought in any judicial district in the State: 1) in which the unlawful employment practice is alleged to have been committed; 2) in which the employment records relevant to such practice are maintained and administered; or 3) in which the aggrieved person would have worked but for the alleged unlawful employment practice; but 4) if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e-5(f)(3). The venue provision of Title VII "controls any other venue provision governing actions in federal court." *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93,

94 (D.D.C. 1983) (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100 (D.C. Cir. 1969)).

In this case, each of the first three venue provisions found in Title VII argue against finding venue in the District of Columbia. Plaintiff concedes that all of the allegedly discriminatory acts occurred within the State of Maryland. (Pl.'s Opp'n at 1.) Nor does she argue that she would have worked in the District of Columbia but for the supposed unlawful employment practice. Rather, plaintiff defends her choice of venue by arguing that the employment records relevant to this case are located in the District of Columbia. To support this assertion, plaintiff points to an index of defendant's system of records that is publicly available on the Government Printing Office's website, arguing that this index reveals that many of the files essential to this case are located in Washington, D.C. For example, according to plaintiff, the Index reveals that employment records relating to proscribed EEO conduct are located in the District of Columbia. (Pl.'s Opp'n at 3.) Additionally, plaintiff relies upon correspondences and documentation she received from defendant concerning the discriminatory conduct. (Pl.'s Opp'n at 4.) Defendant rebuts this evidence by attaching a declaration from Dorothy Snow, the Acting Director of the VA Maryland Healthcare System, wherein she declares that the records pertaining to employees, as well as practices and policies of the VA Maryland Healthcare System, are maintained in the State of Maryland. (Decl. of Dorothy Snow at 1.)

The law is clear that "the fact that some records are available in the District of Columbia does not establish that Plaintiff's relevant employment records are maintained and administered here." *Ridgely v. Chao*, 2006 WL 626919, at *2 (D.D.C. Mar. 13, 2006) (citing *Washington v. Gen. Elec. Corp.,* 686 F. Supp. 361 (D.D.C. 1988)). In *Washington*, plaintiff argued that the

District of Columbia was a proper venue since some of her employment records were located at the EEOC.  686 F. Supp. at 363.  The Court rejected venue in the District of Columbia on this basis, noting that the relevant phrase in section 2000e-5(f)(3) began with the words "in the judicial district" rather than "in any judicial district" or "in the judicial districts." *Id.*  The Court concluded that "[f]rom the statute's use of the singular, it is clear that Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered.'" *Id*.  Plaintiff does not provide any evidence that a "master" set of her employment records are maintained in Washington, D.C.  In fact, plaintiff does not contest the factual assertion in Ms. Snow's declaration (Pl.'s Opp'n at 1) and acknowledges that portions of plaintiff's employment records may in fact be archived in St. Louis, Missouri. (Pl.'s Opp'n at 2 n.1).  *See Saran v. Harvey*, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) (rejecting the notion that archiving equals maintaining and administering records for purposes of the Title VII venue provision).

Further, plaintiff's attempt to establish venue by citing correspondence and documents she received from defendant concerning the conduct at issue is equally unpersuasive.  Venue cannot be established by identifying records used for the administrative processing of a complaint.  *Id*. at *3 ("[P]laintiff's position [that such documents are sufficient] would undercut the clear Congressional intent to limit venue in federal employment discrimination actions to judicial districts that are concerned with the alleged discrimination."); *see also Lee v. England*, 2004 U.S. Dist. LEXIS 3680, at *3 (D.D.C. Mar. 9, 2004) (finding plaintiff's attempt to identify administrative processing as an attempt to "sidestep the language of the statute, which deals not with the administrative processing of the litigation but with the maintenance and administration

of employment records relevant to the challenged employment practice.") Thus, any correspondence between the plaintiff and the Department of Veterans Affairs Office of Resolution Management's Washington Field Office that post-dates the filing of plaintiff's administrative claim is irrelevant to the question of where employment records are maintained and administered for purposes of Title VII's venue provision.

Plaintiff's reliance on *Schenck v. Pyles*, 1976 U.S. Dist. LEXIS 13128 (D.D.C. Sept. 21, 1976), is likewise unfounded. In *Schenck*, the government conceded that while the relevant records were located in numerous cities, "'most' of the plaintiff's employment records . . . are maintained in the district." *Id.* at *6. In this case, no such concession has been made. On the contrary, defendant maintains that the relevant documents are located in the State of Maryland. Accordingly, it cannot be stated that plaintiff's master personnel file or her employment records can be found in the District of Columbia. Venue here is therefore not proper.

## II.     Transfer under § 1406(a)

According to 28 U.S.C. § 1406(a), when a case is filed in an improper venue, the district court where the case is filed may dismiss it or "in the interest of justice," transfer the case to any district in which it could have been brought. *Id.* In this case, the United States District Court for the District of Maryland is proper under Title VII's venue provision and the Court concludes that a transfer at this time will promote the interests of justice.[1]

---

[1] Since there is only one district court in the State of Maryland, the Court transfers the case to the United States District Court for the District of Maryland and defers to its judgement as whether to grant plaintiff's request to have the case moved to the Southern Division (Greenbelt) of the District Court for the District of Maryland.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss for lack of venue, or in the alternative, to transfer, is granted. An appropriate Order accompanies this Memorandum Opinion.

                                              s/
                                     ELLEN SEGAL HUVELLE
                                     United States District Judge

Date: March 24, 2006